*Court of Appeals, Third Circuit, Parish of St. Landry.*

ESTATE OF FRANK P. BESSINGER *v.* L. DUPRE, Curator.

Where the *curator* of a vacant estate files a "tableau of debts," praying for its publication and homologation, and a distribution of the funds in accordance therewith, and its publication is ordered by the court, as also the distribution as prayed for, "after due homologation" of the tableau; and where the natural tutrix, representing the heir, duly recognized, presents a petition praying for the rescission of said order and the dismissal of the *curator's* petition; and where the issues the tutrix presents were tried, and the relief she demanded was denied; held, that the decree against said tutrix is not appealable.

*Appeal from Thirteenth Judicial District Court, Parish of St. Landry.   Hudspeth, Judge.*

*K. Baillio* and *J. N. Ogden* for relator, appellant.

*L. Dupre* and *B. A. Martel* for defendant.

The *curator* of Bessinger's estate filed a "tableau of classification of debts" with his petition, demanding its publication.

and homologation, and "that after due homologation he be authorized to pay said debts in accordance therewith." The order prayed for was granted. Mary Williams, natural tutrix of her own minor child, also natural child and judicially recognized heir of deceased, presented her petition, alleging that she alone, representing her ward, was entitled to administer this estate, to file all accounts, etc.; that the *curator* filing this account was *functus officio*, and not entitled to administer. Her petition concludes by praying for the dismissal of the *curator's* demand and the rescission of the order he had obtained. To this petition the *curator* answered, denying the right of the tutrix to demand such rescission, averring that he had received no funds of the estate, but had filed said tableau in accordance with vouchers furnished him by his predecessor, Elbert Gantt, late public administrator, and that he, himself, can only be discharged by the court, regularly and after a full performance of all his duties and upon suit formally brought for that purpose. He prayed for the discharge of the motion of tutrix.

MOORE, J., after stating pleadings and facts.—This judgment, it seems, was not signed, but was entered on the minutes of the court.

From this interlocutory decree, the tutrix has taken this appeal.

A motion to dismiss the appeal has been filed in this Court by the *curator* of the vacant estate, appellee, on the ground "that the interlocutory judgment works no irreparable injury to appellant."

The only question before us is that raised by the motion to dismiss the appeal.

The merits of any controversy that may arise over the tableau filed by the *curator*, or over any other act of his in relation to the final settlement of the estate, is not before us, and we will not extend our investigation of the case in that direction.

It is a well settled principle of the law regulating proceedings in courts of justice in this State, that unless an interlocu-

tory judgment may cause the party against whom it is rendered an irreparable injury, no appeal will lie from it. See C. P. Art. 566; 20 La. An. 344, 394; 21 La. An. 453, 634. In the case last cited, in dismissing the appeal, the court uses this language, "the law does not favor the bringing up of cases by fragments, and, therefore, has provided no appeal from interlocutory decisions, unless they work irreparable injury."

To the same effect are the decisions rendered in the cases to be found in the 28 La. An. 262; 29 La. An. 805.

We cannot perceive that any injury, irreparable in its nature, may result to appellant from the judgment complained of.

The tableau filed by the *curator* is before the District Court, subject to all objections that the plaintiff or any other person in interest may have reasons to urge against it.

The effect of the order to give public notice of the filing of the tableau and of the petition for the homologation thereof, can certainly work no injury of any kind; on the contrary, it places all parties who may have an interest in the estate, upon their guard ; they are thereby notified of the movements of the *curator*, and afforded an opportunity of urging against the tableau any objections that may exist thereto. That part of the order which authorizes the *curator* to pay the debts placed by him on the tableau "*after it shall have been homologated,*" can work no injury of any description to plaintiff, for it does not conclude her; she may, by simply filing exceptions or oppositions to the tableau, prevent the homologation thereof, and prevent that part of the order from taking effect. The authority to pay, granted by the order, is dependent upon the condition precedent, that the tableau be homologated by a judgment of court, and until this was done, the *curator* was without right or power to pay any claim placed on the tableau.

No injury then, it seems to us, of any kind, much less one irreparable in its nature, can result to the appellant.

We are of opinion that the motion to dismiss the appeal should prevail.

Appeal dismissed.