## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA.

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1906,

AND

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1907.

(43 South. 892.)

No. 16,149.

ANSLEY v. STUART.

(Feb. 18, 1907. On the Merits, April 29, 1907.)

1. APPEAL — DISMISSAL—INTERLOCUTORY ORDER.

A sheriff, having been ordered to seize and take into his possession, on a writ of sequestration, certain certificates of stock which the plaintiff in the suit alleged to be in the possession of defendant, of which he therein prayed to be decreed the owner and given the possession, reported to the court that defendant had refused to deliver the certificates to him. Thereupon, at the instance of the plaintiff, the court ruled the defendant to show cause why he should not do so. Defendant excepted to, and answered the rule. It was made absolute, and defendant applied for and obtained a suspensive appeal. Plaintiff suggested to the court that the judgment being a nonappealable interlocutory judgment, it should be by it dismissed ex proprio motu. Plaintiff should have filed a motion to dismiss. The court will dismiss the appeal when the subject-matter of the same has been submitted to it, if after examination of the record it appears that the judgment is not appealable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3138.]

2. SEQUESTRATION — WRIT — ENFORCEMENT — RULE TO DELIVER—JUDGMENT ON RULE.

A judgment on a rule ordering the defendant to deliver certain certificates of stock to the sheriff holding a writ of sequestration is not sustainable, as there is no legal obligation on the defendant, in such a case, to deliver the property to the sheriff or to the court.

3. APPEAL—DISMISSAL ON COURT'S OWN MOTION.

An appeal from such a judgment will not be dismissed on a mere suggestion that the order does not work irreparable injury, when the same issues are before the court by appeal from the judgment on the merits of the cause. The court is not bound to notice such a suggestion where no motion to dismiss has been filed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3138.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Myric E. Ansley against C. D. Stuart. Judgment for plaintiff. Defendant appeals. Reversed.

Dinkelspiel, Hart & Davey, for appellant. Lazarus, Michel & Lazarus, for appellee.

## On Motion to Dismiss.

NICHOLLS, J. The plaintiff in this case seeks to be recognized as the owner of certain certificates of stock of the Ansley Land Company, Limited, and to be given the possession thereof; the said stock being alleged to be in the possession of the defendant.

He prayed simultaneously for and obtained (under allegations deemed appropriate and sufficient by the court) an order for the issuing of a writ of sequestration by which the civil sheriff of the parish of Orleans was commanded to seize and take into his possession the certificates of stock involved in the litigation.

The sheriff attempted to execute the order by demanding their delivery from the defendant. He met with a peremptory refusal. He thereupon notified the defendant that he seized the certificates in his hands. What the legal effect of that action was does not enter as a factor in the matter now before us. The sheriff, finding himself unable to take possession of the certificates, made a report to the court of what had been done under the writ, mentioning the fact of the refusal by the defendant to deliver the certificates to him, though called upon to do so. He made no demand upon the court to take steps of any kind in the premises. The plaintiff became dissatisfied with the situation, and desired coercive measures of some kind to be taken against the defendant. He evidently desired the latter to be punished for contempt, but thought that matters were not in such a situation as would justify an attempt in that direction; that it would be necessary before such a step should be undertaken that a direct order should have been given to the defendant by the court to deliver the certificates to the sheriff and this order should have been disobeyed. He therefore prayed the court to call the defendant into court to show cause why he should not deliver the certificates to the sheriff. Being thus called into court, he had the right to set up any cause which he believed himself authorized to urge. The rule assumed that he might have legal grounds for refusal. The defendant appeared, excepting and contingently answering. An issue was thus raised between the parties which the court was obliged to dispose of. The rule was tried and made absolute; defendant being ordered to deliver the certificates. The defendant applied for and obtained a suspensive appeal. The appeal has been perfected. The transcript of appeal has been lodged in the court ever since the 2d of May, 1906, and it is now suggested that we dismiss the appeal of our motion, as one improperly taken from an interlocutory judgment, working no irreparable injury, and therefore not appealable. The district judge was not of that opinion, as he granted a suspensive appeal. Article 565 of the Code of Practice provides that one may appeal from all final judgments rendered in causes in which an appeal has been given by law, whether such judgments have been rendered after hearing the party or by "default," while the following article (article 566) declares that "one may appeal from all interlocutory judgments when such judgments may cause him an irreparable injury."

The judge who rendered the order prayed to be appealed from was of opinion, when defendant sought to appeal from it, that it was of character such as would work an irreparable injury if it became final and should be carried into execution before the ultimate judgment prayed for by the plaintiff should be rendered, and he accordingly granted a suspensive appeal. He had been fully informed by the rule to show cause of

the grounds upon which the defendant based his refusal, and knew precisely what the effect of refusing the appeal might be upon the defendant. The judge was clothed with jurisdiction to determine primarily what the character of the order was and what its effect might be. Were we to dismiss the appeal of our own motion, we would not deal with the matter as an original question, but ex parte, by way of review substantially and reversal of the ruling of the district judge. The law does not fix absolutely to an order granted incidentally in the progress of a case before the ultimate judgment sought in the case should be rendered the character of nonappealability, but, on the contrary, it allows such orders under certain circumstances to be appealed from in the exercise of judicial discretion by the presiding judge. His action is not final. When the subject-matter involved in the appeal has been submitted to us, we have authority to dismiss the appeal after an examination of the record if we reach the conclusion the appeal is not one properly before us. So, also, the appellee has the right to move for a dismissal of the appeal and have that question determined by the court, contradictorily, however, with the appellant. Justice to the trial judge and the appellant, as well as the law, forbids that we should, as matters now stand before us, examine ourselves into the law and the facts involved on the trial of the rule to show cause, and dispose of the entire issues submitted on the appeal by the summary and shorthand method of dismissing the appeal ex parte and ex proprio motu.

We decline to do so, reserving our action on that subject to be determined hereafter.

## On the Merits.

Plaintiff sued to recover 2,450 shares of stock in the corporation styled the "Ansley Land Company, Limited." Plaintiff alleged that said shares were in the possession of the defendant, and sued out a writ of injunction restraining the transfer of the stock on the books of the corporation, and also a writ of sequestration commanding the sheriff to seize the certificates described in the petition.

The sheriff made return that he had seized the said certificates in the hands of the defendant by serving notice of seizure on him, and that he had been informed by defendant's attorney that the defendant declined to surrender the certificates.

Whereupon the plaintiff ruled the defendant to show cause why he should not be ordered to deliver, under the writ of sequestration, to the civil sheriff of the Parish of Orleans the hereinbefore mentioned certificates.

On the hearing the rule was made absolute, and the defendant appealed suspensively from the judgment.

In this court the plaintiff, instead of moving to dismiss the appeal, contented himself with suggesting that we dismiss the appeal on our own motion, as one improperly taken from an interlocutory order working no irreparable injury. In the opinion heretofore handed down in this case we discussed the question thus suggested, but postponed its determination until after a consideration of the merits.

The judgment on the rule ordered the defendant to deliver the certificates in question to the sheriff. The judgment was signed by the judge as in case of final judgments. It was executory by the process of contempt.

The judge, however, granted a suspensive appeal to the defendant. The case is before us also on a suspensive appeal from the judgment on the merits. It is evident that the issue raised herein is also raised by the other appeal. Hence no useful purpose would be subserved by considering the suggestion that the judgment appealed from does not work

an irreparable injury. We are not bound to consider such a suggestion where no motion to dismiss has been filed.

We are of opinion that our learned Brother below committed an error in making the rule absolute. The defendant in a suit is under no legal obligation to produce property in order that it may be seized under writs of sequestration, provisional seizure, or attachment in the hands of the sheriff. Such writs do not command the defendant to do anything in aid of a contemplated seizure. It is the business of the officer, to whom such writs are directed, to find and seize the property. Even where the ownership has been adjudicated and the defendant ordered to deliver a specific object to the plaintiff, the writ of possession is the only mode of executing the judgment. Such a writ does not order the defendant to surrender the property to the sheriff, but merely authorizes a notice to deliver, and, on the failure of the defendant to do so, a seizure of the property. Code Prac. art. 634. Where, in such a case, the defendant conceals the object or carries it out of the jurisdiction of the court, the remedy of the plaintiff is by action of damages or writ of distringas. Civ. Code, art. 635. Orders and judgments of the court can be executed only by means of the appropriate writs provided by law. A defendant cannot be compelled to aid and assist in the execution of such writs by disclosing or surrendering property to the sheriff or other executive officer of the court. We know of no law or precedent for supplementing a writ of sequestration or other writ by a bill of discovery and order on the defendant to deliver property disclosed by the evidence to be in his possession. Such an order can be enforced only by the process of contempt, issued in aid of a writ not directed to the defendant and not commanding him to do anything. As the order in question was predicated on the assumption that it was the legal duty of the defendant to deliver the property to the sheriff, it is patent that the action of the judge was without warrant in law. The case of State ex rel. Duffy & Behan v. Civil District Court. 112 La. 182, 36 South. 315, is cited by counsel for plaintiff; but in our appreciation it sustains the views hereinbefore expressed. In that case the defendant was proceeded against for contempt in not delivering certain moneys in bank box to the sheriff holding a writ of sequestration directing the seizure of the same. On the hearing, instead of making the rule for contempt absolute, the judge ordered the defendants to produce the moneys at a certain time. The defendant applied to this court for writs of prohibition and certiorari, which were granted. The case seems to have gone off on the proposition that the judge could not proceed against the defendants for nonobedience of the order rendered after the rule was filed; but at the same time the court expressed the opinion that the matter set forth in rule itself did not constitute contempt, and dismissed the rule without reservation. As indicating the views of the court, we make the following extract from the opinion, to wit:

"If a sheriff holding a writ of fi. fa., or an order of sequestration directed to himself for execution, by making a demand upon a party having money in his possession to deliver the same to him, could, on being refused, make return of such fact to the court, obtain a rule on such party to show cause why he should not make such delivery, and, failing to do so, to be punished for contempt, the proceeding for contempt would become an easy and convenient general substitute for the usual legal remedies provided by law for the enforcement of rights."

It is therefore ordered that the judgment on the rule in question be reversed, and it is now ordered that said rule be dismissed at plaintiff's costs, and that the said plaintiff pay costs of appeal.