STUART v. ANSLEY.

(44 South. 294.)

No. 16,651.

STUART v. ANSLEY.

In re STUART.

(June 10, 1907. On Rehearing, June 21, 1907.)

1. APPEAL—BOND—SUFFICIENCY.

The court of the first instance after an appeal has been taken still has jurisdiction to pass upon the question of the insolvency or illegality of the bond.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 2205–2207.]

2. SAME.

The district court in accordance with this view, after some delay, owing to oversight, decided that the bond was sufficient and legal.

3. SAME—CONCLUSIVENESS OF DECISION.

The decision put an end to further issues upon the subject in the district court.

(Syllabus by the Court.)

Action by C. D. Stuart against M. E. Ansley. Application by C. D. Stuart for writ of mandamus. Rule discharged, and writ denied.

Dinkelspiel, Hart & Davey, for relator. Lazarus, Michel & Lazarus, for respondent judge.

BREAUX, C. J. A rule nisi was applied for by applicant, granted, and addressed to the honorable the judge of the civil district court, division E.

The plaintiff in the original suit obtained a writ of sequestration and injunction. A bond for each writ was signed by a foreign surety company.

Plaintiff averred that a rule had been taken by defendant in the injunction and sequestration proceedings to dissolve and set aside the writs of sequestration and injunction or to compel him to give new bonds.

The ground of relator's application is that the surety company which furnished these new bonds was no longer doing business in this state, and was not a competent or legal surety; that the rule to dissolve on said ground had never been decided, though applicant avers the rule had been heard, and taken under advisement, that the judge of the civil district court had been called upon for decision; that he had refused to render a decision, giving as a reason for his refusal that an appeal had been taken in the original case which brought up all the issues in the main demand, as well as those growing out of the conservative writs and sureties on bond; that by effect of the appeal in the first and original suit, the court had no jurisdiction in matter of subsequent sequestration and injunction.

In answer to this position of the district judge, applicant in the application for a mandamus, averred that the court of the first instance has jurisdiction to determine the solvency of the surety even after appeal.

The respondent on his return on the rule to show cause, which was issued by this court on applicant's petition for a mandamus, states that this rule was assigned for hearing on December 2, 1906, and that it was in connection with other rules then pending heard and submitted; that it was his purpose and intention to have acted upon the rule referred to at the time of the disposition of other rules, but that by oversight or inadvertence judicial action was not taken or pronounced upon the rule.

From the foregoing, it will be seen that if ever our learned Brother of the district court entertained the view, as alleged by applicant, that the appeal has the effect of taking the matter of the insufficiency or illegality of the surety bond (in matter of injunction and sequestration issued after the appeal) entirely out of his hands, he has abandoned it.

The respondent states that since the issuance of the rule by this court he has taken up the matter and considered the evidence, and has judicially acted upon it and discharged same. In other words, he refused to dissolve the injunction and sequestration.

A copy showing that the court has acted

is annexed by the district judge, and forms part of his return. It shows that the judge of the district court held that, while the Bankers' Surety Company are not actively engaged in business in this state at the present time, they have here a duly credited representative; that they have assets within the jurisdiction of this state; that they are abundantly solvent.

The district court having acted, that is an end of the matter in that tribunal.

Our restraining order having been complied with, it only remains for us to accept the return of the district judge, and to set aside the rule nisi issued by this court.

For reasons assigned, this rule is recalled and discharged, and the writ of mandamus will not be issued.

### On Rehearing.

The court declines to condemn any one to pay the costs at this time.

The matter of costs is referred to the appeal in the case. In passing upon the costs on the appeal on the main demand the costs here will be considered.

In the meantime the matter of costs (as to who shall pay them) will remain in abeyance. Rehearing refused.