Statement of the Case — On the Merits.
NICHOLLS, J.
This case has been before this court upon several occasions on incidental questions, as will be seen by reference to the decisions reported in 119 La. 1, 43 South. 892; 119 La. 230, 44 South. 294; and 121 La. 629, 46 South. 675.
The issues between the parties on the main demand are concisely, stated in the opinion pronounced by Justice LAND on the motion made to dismiss the present appeal. It is unnecessary .to repeat them here.
The matters we have to deal with at the present time are the issues raised in the main action on the appeal taken by the defendant from the judgment rendered by the district court on May 10, 1906, and signed on I January 4, 1908, confirming a judgment by default entered on the 4th of May, 1900.
On April 14, 1904, defendant excepted that plaintiff’s petition disclosed no cause of action, and that there'was an improper joinder of parties and a misjoinder of parties defendant. On the same day defendant filed a motion to dissolve the attachment, and also a motion to dissolve the sequestration on the same grounds — that plaintiff’s petition disclosed no ground of action, and that there was a misjoinder of parties defendant. The only exceptions filed by the defendant to the main action seem to have been those referred to above.
On June 23, 1904, a rule was taken on the defendant to compel him to deliver forthwith to the sheriff the certificates of stock described in said rule and ordered to be sequestered on the 23d of March, 1906. This rule, together with the exceptions filed to the main demand and the several rules to dissolve the attachment and sequestrations, were tried and submitted. On May 2, 1906, the court rendered judgment making the rule of 23d of January, 1904, to compel delivery of the certificates of stock to the sheriff, absolute, and discharged the exceptions to the main action and the motions and rules to-dissolve the attachment and sequestration. On May 4, 1906, a suspensive appeal was granted the defendant from this judgment. On the same day (May 4, 1906) a judgment by default was entered against defendant.
The judgment so rendered was as follows:
“The rule herein taken by plaintiff filed June 23, 1904, upon O. D. Stuart, to compel him to deliver forthwith to the sheriff the certificates of stock described in said rule and sequestered in the above-entitled suit, having been submitted to the court, and the court considering the law, for the reasons orally assigned:
“It is ordered, adjudged, and decreed that said rule be made absolute, and that accordingly O. D. Stuart be and he. is hereby ordered to deliver to the civil sheriff for the parish of Orleans, the certificates of shares of the capital stock of the Ansley Land Co., Limited, viz., certificate No. 13 for 950 shares, certificates Nos. 31 and 32, each for 500 shares, certificate *337 No. 28 for 100 shares, certificate No. 29 for 50 shares, certificate No. 30 for 50 shares, certificate No. 34 for 100 shares, certificate No. 35 for 100 shares, and certificate No. 36 for 100 shares.
“It is further ordered that the rule herein taken on May 4, 1904, by Louis Winson upon Thomas Connell, Esq., clerk of civil district court for this parish, to pay to the constable of the First city court five hundred and seventy-two dollars and costs deposited' with said clerk in above-entitled suit, is discharged.
“It is further ordered that the rule herein taken June 7, 1904, by Louis Winson upon the clerk of this court to the same effect, is also discharged. It is further ordered that the rules herein taken April 14 and April 21, 1904, by the defendant to set aside the injunction issued herein, are discharged.
“It is further ordered that the rule herein taken by the defendant April 14, 1904, to set aside the writ of sequestration, is dismissed.
“It is further ordered that the exceptions herein filed by defendant on April 14, 1904, and June 24, 1904, are overruled. It is further ordered that all the rules herein taken to set aside the writ of sequestration herein issued are dismissed. Judgment read and rendered in open court Tuesday, April 24, 1906. Judgment signed in open court May 2, 1906.”
On May 4, 1906, a suspensive appeal was granted defendant from this decision (under No. 16,149). On the same day (May 4, 1906) a judgment by default was entered against the defendant.
On May 7, 1906, on the suggestion of plaintiff’s attorney that a default had been taken in the cause on May 4, 1906, that it had been improperly taken because a suspensive appeal had been asked for, granted, and perfected to the Supreme Court from the judgment overruling the exception and in other matters, which judgment was regularly written out and signed, and therefore the court was without jurisdiction pending the appeal, plaintiff was ruled to show cause on May 11, 1906, why said default should not be set aside pending said appeal, and that until said matter was disposed of proceedings be stayed.
This rule does not seem to have been reached and disposed of, for on May the 10th the judgment by default was confirmed. The minute entry of that date states that:
“The cause having been taken up on confirmation of default after hearing pleadings, counsel, and the testimony of Myrick E. Ansley and W. B. Murphy, sworn on behalf of plaintiff, and documentary evidence introduced on behalf of plaintiff, the court ordered the following judgment to be entered.”
The judgmeht so referred to was as follows:
“On motion of Henry L. Lazarus, attorney for plaintiff, Myrick E. Ansley, and on pro: during due proof in support of plaintiff’s demand, the law and the evidence being in favor of plaintiff, it is ordered, adjudged, and decreed that the default entered herein on the 4th day of May, 1906, be now confirmed and made final; and it is further ordered, adjudged, and decreed that plaintiff, Myrick E. Ansley, is the owner of the following certificates of stock in the Ansley Land Company, now in the possession or subject to the control of C. D. Stuart, defendant herein: Certificate of the Ansley Land Company No. 13, for .950 shares; certificate of the Ansley Land Company 31 for 500 shares ; certificate of the Ansley Land Company 32 for 500 shares ; certificate of the Ansley Land Company 28 for 100 shares; certificate of the Ansley Land Company 29 for 50 shares; certificate of the Ansley Land Company 30 for 100 shares; certificate of the Ansley Land Company 34 for 100 shares; certificate of the Ansley Land Company 36 for 100 shares.
“It is further ordered, adjudged, and decreed that the sum of seven hundred and fifty dollars tendered by said Myrick E. Ansley to C. D. Stuart, individually and as testamentary executor and consigned for the account of said defendant, and presently in the possession of the clerk of the civil district court, holding the same under the tender made by said Myrick E. Ansley to the late William H. Stuart, of whose estate C. D. Stuart is executor, and to C. D. Stuart individually and representative capacity, paid over by the clerk of this court to said C. D. Stuart, which payment is adjudged and decreed to be the estate of William H. Stuart and C. D. Stuart, the said indebtedness having been secured by the pledge of the stock certificates hereinbefore enumerated, and which stock is herein decreed to be the property of said Myrick E. Ansley and the said Myrick E. Ansley entitled to the possession thereof, the indebtedness for which said stock was pledged, having been paid and discharged by said My-rick E. Ansley by the tender and deposit of the amount of said indebtedness with accrued interest, deposit of the same having been duly made by the said Myrick E. Ansley with the clerk of the civil district court, as hereinbefore recited.
“It is further ordered, adjudged, and decreed that the writ of sequestration issued herein be perpetuated and that the said G. D. Stuart; in accordance with the terms of said writ, deliver into the possession of the civil sheriff of the parish of Orleans the certificates of stock enumerated and described in this decree, and the civil sheriff is directed to deliver to the plain *339 tiff, Myrick E. Ansley, who is decreed herein to be the owner thereof, the stock certificates delivered into his possession by O. D. Stuart as aforesaid. It is further ordered, adjudged, and decreed that the injunction herein issued be made perpetual, and that the said O. D. Stuart be perpetually enjoined from making any entries on the books of said corporation affecting the status of the stock standing in the name of Myrick E. Ansley, and which stock as hereinbefore recited-is decreed to be the property of said Myrick E. Ansley; and C. D. Stuart is further enjoined from changing the status of said stock on the records of said corporation as it appeared thereon at the date of the issuance of the writ of injunction.
“It is further ordered, adjudged, and decreed that all costs of these proceedings be paid by the defendant, C. D. Stuart. Judgment read and rendered in open court May 10, 1906.
“Judgment read, rendered and signed in open court January 4, 1907.”
On May 11, 1906, the defendant filed the following motion to annul and set aside the judgment:
“It is ordered by the court that the plaintiff do show cause on Friday, May IS, 1900, at 11 o’clock a. m., why the judgment herein rendered on May 10, 1906, should not be annulled and set aside and a new trial granted on the following grounds:
“First. Said judgment is contrary to the law and the evidence.
"Second. Said judgment was rendered without any testimony being on file as required by law.
“Third. Said judgment was rendered in violation of an order of this court staying proceedings until the furnishing of bond for costs by the plaintiff.
“Fourth. Said judgment was rendered in violation of an order of this court staying proceedings pending the trial of the rule to set aside the default improperly taken.
“Fifth. Said judgment was rendered pending an appeal taken and perfected which of itself suspended all further proceedings herein.
“Sixth. That the judgment overruling defendant’s exception was rendered without said exception having been tried.
“Seventh. The deposit made by defendant cannot be paid to mover because under seizure.
“Eighth. There is no proper defendant named in the judgment.”
This application and application for a new trial was overruled.
Defendant appealed suspensively from this judgment.
Opinion.
The clerk’s certificate to the transcript declares that:
“The foregoing thirty-one pages do contain a true, correct and complete transcript of ail the proceedings had, documents filed and evidence adduced upon the trial of the cause wherein M. E. Ansley is plaintiff and O. D. Stuart is defendant, instituted in this court and now in the records thereof under No. 73,166 of the docket thereof, division B, the Hon. F. D. King, judge, from the 7th day of May, 1906, to the-15th day of January, 1907, both inclusive, and said transcript, together with that heretofore-forwarded to the honorable the Supreme Court in this matter, comprises a complete transcript of this cause.”
The extract from the minutes of May 10, 1906, shows, as we have seen, that:
“When the case was taken up for confirmation of default, Myrick E. Ansley and W. B. Murphy were sworn on behalf of plaintiff, and documentary evidence introduced on behalf of plaintiff (the court ordered the following judgment to be entered).”
Article 601 of the Code of Practice provides that either party may require the clerk of court to take down the testimony in writing, which shall serve as a statement of facts if the parties should not agree to one, while article 602 declares that, when the deposition of witnesses has not been taken down in writing in the inferior court, the parties intending to appeal, or their advocate, must require the adverse party, or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed either by the parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to -the Supreme Court. The' clerk was not requested in this case by the parties to take the testimony which was adduced on the trial in writing, and it does not therefore appear in the transcript. Succession of Moore, 42 La. Ann. 335, 7 South. 561. The clerk’s minute entry shows that evidence, both testimonial and documentary, was introduced in behalf of the plaintiff. This statement is borne out additionally by the declaration in the judgment of the court that the judgment by default was confirmed “on plaintiff’s producing due proof in support of his demand.”
The statement in the clerk’s certificate that the transcript “contained all the evidence ad *341 duced” is not correct. It does not follow from the fact that the documentary evidence which was adduced was not marked “Filed” by the clerk that it was not considered and acted upon by the judge. The nonfiling of that evidence, if a fault, was imputable to the clerk, and to the party desiring to appeal, whose duty it was to see that the record was prepared properly for the use of the Supreme Court. Cooley v. Broad, 29 La. Ann. 71; Magloire v. Barbin, 25 La. Ann. 677; Johnson v. Spearing, 15 La. 232.
The grounds assigned in the third and fourth paragraphs of defendant’s rule to show cause are not borne out by the record. We do not find that there was at any time a “stay of proceedings” ordered by the judge. The minute entry relied on was a mere transcription in the minutes of the rule to show cause itself. The court did not act on the rule. In the application for relief through rules of court, the order of court which is asked for is attached thereto by anticipation by counsel who presents the application. In order to make good the complaint urged by him as the first ground for setting aside the judgment, defendant has to meet and overcome the presumption that the conclusions reached by the trial judge were correct and based on good and sufficient evidence. This the defendant has not done. Parham v. Ogle’s Estate, 22 La. Ann. 73; Citizens’ Bank v. Bringier, Id. 118; Graham v. Rice, 23 La. Ann. 393; Simmons v. Howard, Id. 504; Smith v. City of New Orleans, 24 La. Ann. 20; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, Id. 734; Verges v. Gonzales, 33 La. Ann. 415; Nugent v. Stark, 34 La. Ann. 631.
The seventh ground assigned for setting aside the judgment has no basis to rest upon. The seizure therein referred to has been set aside, and the money deposited is subject to defendant’s order. The eighth ground assigned has nothing to rest upon. The judgment as rendered needed no correction. The error in spelling of defendant’s name was a' matter of little moment. It could stand as a valid judgment under the doctrine of idem sonans. The pleadings, besides, fixed the-identity of the defendant with certainty.
The sixth ground of complaint we do not think is maintained. The exceptions filed by defendant to the main action were to be decided, and were decided, on the face of the-papers. They were fixed together on defendant’s application, and were taken up together. Defendant’s counsel were present when they were taken up together, and made no objection thereto.
Defendant’s fifth ground for setting aside the judgment now appealed from is that he had appealed suspensively from the judgment rendered in plaintiff’s favor on the 2d of May, 1906, which appeal was still pending when the judgment now appealed from was rendered (that until the suspensive appeal was disposed of the district court was without authority to take any action on the main demand). Defendant’s suspensive appeal which he refers to was that lodged in this court on -May 26, 1906, under the number “16,149.” This suspensive appeal was passed upon and decided in April, 1907, reversing the judgment against the defendant which had been rendered on the 2d of May, 1906.
At the date that judgment was reversed the present appeal was already lodged in this court under the number “16,467.” This court, in passing upon the appeal in No. 16,149, used the following language:
“The plaintiff ruled the defendant to show cause why he should not be ordered to deliver under the writ of sequestration to the civil sheriff the hereinbefore mentioned certificates. On hearing, the rule was made absolute, and the defendant appealed suspensively from the judgment. In this court the plaintiff, instead of moving to dismiss the appeal, contented himself with suggesting that we dismiss the appeal on our own motion as one improperly taken from an interlocutory order working no irreparable injury. In the opinion heretofore handed down we discussed the question thus suggested. *343 but postponed its determination until after a consideration of the merits. The judgment on the rule ordered the defendant to deliver the certificates in question to the sheriff. The judgment was signed by the judge as in case of final judgments. It was executory by the process of contempt.
“The judge, however, granted a suspensive appeal to the defendant. The case is also before us on a suspensive appeal from the judgment on the merits. It is evident that the issue raised herein is also raised by the other appeal. Hence no useful purpose would be sub-served by considering the suggestion that the judgment appealed from does not work an irreparable injury. We are not bound to consider such a suggestion where no motion to dismiss has been filed.”
The court declared that:
“The law did not fix absolutely, to an order granting incidentally in the progress of a ease before the ultimate judgment sought in the case should be rendered, the character of nonappealability, but, on the contrary, it allows such orders under certain circumstances to be appealed from in the exercise of judicial discretion in .the presiding judge.”
We considered the order of the defendant to deliver the certificates of stock to the sheriff to have reached the point of “finality” so far as to subject the defendant to liability to punishment for contempt of court for disobedience thereof, unless by judgment of the Supreme Court the trial judge should be de.croed to have exceeded his power and authority in giving such an order. We held under •such circumstances that the defendant was justified in appealing suspensively from that order. Although interlocutory, it was one which under the decisions of this court would .cause “irreparable injury.”
The appeal under the number “16,149” was not considered as having been taken from the judgment of the district court on the subject of the exceptions to the main action. They were not alluded to, discussed, or passed upon when this court rendered final judgment on the appeal taken under that number. Appellant in the matter of the judgment rendered on the 2d of May, 1900, appealed from so much of it as had the character of finality, as appeared from the recitals of the bond executed by him. That judgment, in so far as it had passed on defendant’s “exceptions to the main demand,” was an “interlocutory” judgment “working no irreparable injury.” The fact that the district judge signed that judgment did not carry with it as a consequence that that portion of the question was susceptible of being suspensively appealed from, nor that it was in fact suspensively appealed from by the defendant. The suspensive appeal taken by the defendant from the order to deliver to the sheriff, pendente lite, the certificates of stock which were involved in the main demand of stock, did not have the effect of staying action by the plaintiff upon the main demand.
For reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.