[Civ. No. 5379.  Second Appellate District, Division Two.—July 23, 1926.]

CHARLES L. PORTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEAL—INSUFFICIENT UNDERTAKING—CONTINUANCE OF INJUNCTION. If, at any time pending the litigation, it appears to the superior court that an undertaking on temporary injunction is insufficient, the court must require an increase of the undertaking as the condition of allowing the plaintiff to continue the injunction, even though an appeal from the judgment has been perfected.

[2] ID.—INCREASE OF UNDERTAKING — JURISDICTION — APPEAL.—Where the jurisdiction of the superior court exists to increase the amount of the undertaking before the appeal was taken, and the appeal did not transfer to the appellate tribunal the matters incident to the giving of the undertaking, the superior court has jurisdiction, despite the appeal, to order an increase in the amount of

1. See 2 Cal. Jur. 415, 418; 2 R. C. L. 120.

the undertaking, even though the final result may be that the injunction will be set aside for a failure to give the new under-taking.

(1) 3 **C. J.**, p. 1252, n. 28, p. 1255, n. 43, p. 1258, n. 54, p. 1259, n. 57.   (2) 3 **C. J.**, p. 1268, n. 23, p. 1270, n. 42.   (3) 3 **C. J.**, p. 1313, n. 19 New.   (4) 32 **C. J.**, p. 395, n. 22.   (5) 3 **C. J.**, p. 1270, n. 42.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from hearing a motion for an order requiring an undertaking to keep a temporary injunction in force pending appeal.   Carlos S. Hardy, Judge. Writ denied.

The facts are stated in the opinion of the court.

R. M. Wiley for Petitioner.

No appearance for Respondents.

WORKS, J.—Petitioner in this proceeding commenced in respondent court a certain action in which, in addition to a prayer for other relief, he asked for a temporary injunction. Upon the filing of the complaint an order to show cause was issued, and thereafter, upon notice and after a hearing at which all parties to the action were present, the injunction was ordered on the giving of an undertaking in the sum of twenty thousand dollars.   The undertaking was given, was approved by respondent court and the injunction issued. Thereafter the cause proceeded to judgment against the plaintiff, petitioner here, but it was by respondent court adjudged "that the temporary injunction heretofore ordered by this Court . . . be and remain in full force and effect pending the appeal from this judgment and a final determination of said appeal."   After the filing of findings and judgment in the action, and after the plaintiff had perfected an appeal from the judgment, which appeal is still pending, the defendants gave notice of motion for an order requiring the plaintiff, petitioner here, "to execute and furnish an under-taking in the penal sum of fifty thousand dollars as a condition for the keeping in force" of the temporary injunction pending an appeal from the judgment and until the final

disposition of the appeal, and further requiring "that if said plaintiff shall fail, within the time fixed by said court, to furnish said undertaking, that said temporary injunction be vacated, annulled, and set aside." The cause thereafter came on to be heard pursuant to the notice of motion and the plaintiff, petitioner here, objected that respondent court had no jurisdiction to entertain the motion contemplated by the notice. The objection was overruled and respondent court was about to proceed with a hearing under the notice when petitioner filed his petition in this proceeding asking that the hearing be prevented. Thereupon we issued an alternative writ of prohibition. Respondents have made no return to the writ.

[1] Petitioner contends that respondent was divested of jurisdiction to increase the amount of the undertaking from twenty thousand dollars to fifty thousand dollars by the perfecting of the appeal from the judgment. That this contention is unsound appears plainly from the opinion of the supreme court in a late case. There the court said, after referring to earlier cases, the italics in the quotation being those of the opinion: "It is clear that the perfection of an appeal divests the superior court of jurisdiction as to all matters *embraced in the judgment* or order appealed from. (2 Cal. Jur. 415, and cases cited.) It is equally clear that the perfection of an appeal does not deprive the lower court of its jurisdiction to proceed upon any other matter *embraced in the action* unless it is a proceeding 'upon the judgment or order appealed from or upon the matters embraced therein.' (Code Civ. Proc., sec. 946; 2 Cal. Jur. 418 et seq.) "An order for an injunction to preserve the *status quo* pending an appeal from a judgment or order denying an injunction is not an order upon or embraced in the order appealed from. While it is in a sense appurtenant to and concurrent therewith, it is nevertheless separate and separable therefrom. It may perhaps be said to be collateral to the order appealed from, but it is doubtful that it may be regarded as even incidental thereto, as costs may be said to be incidental to a judgment. The real reason why the trial court had no jurisdiction to vacate or modify the order which it had theretofore made for the issuance of an injunction pending the appeal is summed up in the following language in the opinion in *Haltum* v. *Greif*, 144

Cal. 525 [78 Pac. 12]: 'The decision of the trial court having been once made *after regular submission of the motion* its power is exhausted—it is *functus officio* '' (*Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 Pac. 617]). It is manifest from this language that respondent has lost jurisdiction directly to vacate its temporary injunction, not, however, because an appeal has been taken from the judgment, but because the power of the court over the subject matter of the temporary injunction has been exhausted. But has the court lost jurisdiction to require a larger undertaking than that which was given when the injunction was issued? Petitioner says that it has, for the reason that if the amount of the undertaking is increased by the court's order, and the new undertaking be not given, then the court will issue its order vacating the injunction, thus doing by successive steps what it could not do at once and by a single step. This result does not follow from the rule so clearly stated in *Eisenberg* v. *Superior Court*. The supreme court has declared, in a suit in which it was concerned with an undertaking on temporary injunction, that "if, at any time pending the litigation, it should be made to appear to the court that the undertaking is insufficient, it would have the power, and it would be its duty, to require an increase of the undertaking as the condition of allowing the plaintiff to continue the injunction" (*Asevado* v. *Orr*, 100 Cal. 293 [34 Pac. 777]. See, also, *Lambert* v. *Haskell*, 80 Cal. 611 [22 Pac. 327]). [2] As the jurisdiction of respondent court to increase the amount of the undertaking before the appeal was taken from the judgment was plainly existent, and as the appeal did not transfer to the appellate tribunal the matters incident to the giving of the undertaking, it appears plain to us that respondent court has jurisdiction, despite the appeal, to order an increase in the amount of the undertaking, even though the final result may be that the injunction will be set aside for a failure to give the new undertaking. There is as great danger to the rights of defendant in the action from an insufficiency of the undertaking, which insufficiency appears after the appeal, as from an insufficiency which might have appeared before the appeal. Under such circumstances the jurisdiction to order a sufficient undertaking must rest somewhere, and as it does not reside in the

appellate tribunal after the appeal it must still abide in the superior court.

The alternative writ of prohibition is vacated and a peremptory writ is denied.

Finlayson, P. J., and Craig, J., concurred.