## BENHAM, ZIEGLER & CO., Inc., v. MOULE-DOUX.*

### No. 14185.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Dart & Dart, and H. Grady Price, all of New Orleans, for appellant.

Percy H. Moise and Rosen, Kammer, Wolff & Farrar, all of New Orleans, for appellee.

JANVIER, J.

This matter comes before us on motion to dismiss the appeal.

In support of the motion appellees argue that the judgment appealed from is interlocutory and not final; that no irreparable injury has been caused by it, and that it necessarily follows that no appeal may be taken therefrom.

██ If it appears that the judgment is interlocutory, and that no irreparable injury may be caused thereby, then no appeal will lie, because, although, under article 566 of the Code of Practice, it is provided that an appeal may be taken from an interlocutory judgment which may cause irreparable injury, the irreparable injury is a necessary prerequisite.

In a syllabus written by the court in Board of Liquidating Commissioners of Bank of Monroe et al. v. Dodson et al., 131 La. 44, 58 So. 1027, appears the following: "An appeal from an interlocutory judgment will lie only in cases where the injury is irreparable." See, also, Bessinger's Estate v. Dupre, 1 McGloin, 202; Succession of Pons, 141 La. 331, 75 So. 70; Barkley & Co. v. Ham & Seymour, 157 La. 872, 103 So. 245; Ansley v. Stuart, 119 La. 1, 43 So. 892.

A proper understanding of the controverted question raised by the motion to dismiss is not possible without the presentation of an

*Rehearing denied May 30, 1932.

outline of the dispute over which the litigation arose.

Plaintiff corporation contends that it entered into a verbal contract with defendant, under which each party was to furnish a certain number of bags of red beans, which were to be thus "pooled" and sold for the common advantage of the two parties, and that, as a result of the alleged joint adventure, defendant is indebted to plaintiff in the sum of $265.-35 and in such further sum as an accounting may show to be due on another related transaction.

Defendant denies that there was any agreement to enter into a joint adventure, and, in fact, avers that the contracts and agreements entered into contemplated merely purchases by one from the other of red beans.

After a trial below, the judgment, the reversal of which is sought by this appeal, was rendered. It reads as follows: "It is ordered, adjudged and decreed that Gabriel J. Mouledoux, defendant herein, file in these proceedings, within twenty days from February 11, 1932, a full and detailed accounting of the sales made by said defendant of the 1,364 bags of red beans, sold by defendant in connection with the joint adventure between plaintiff and defendant."

The reasons for judgment were given in the following words:

"This suit is one for an accounting of an alleged pool arrangement. The pool is denied, and, therefore, the owing of an accounting is denied.

"That plaintiff carries the burden of proving the contract and in my opinion, by a preponderance of evidence, he has proved it and there will be judgment in favor of the plaintiff, ordering an accounting."

The judgment manifestly is not final, since, when the accounting as ordered has been made, the judgment, as it now stands, will have no further effect as between the parties and will not order either one to pay anything to the other.

The accounting, when it is had, may or may not show that any amount is due plaintiff. But, whatever it shows, further action by the court will be necessary to fix and determine the relative rights of the parties.

But appellant fears that, since the judgment purports to finally declare that a joint adventure was entered into, failure to appeal from that finding might, by the lapse of the legal delays, have effected the finality of that portion of the decree and might have prevented an appeal therefrom when the complete judgment is finally rendered. We do not think so.

In Wolff v. McKinney, 21 La. Ann. 634, the Supreme Court said: "The law does not favor the bringing up of cases by fragments, and therefore has provided no appeal from interlocutory decisions unless they work irreparable injury."

When the final decree is rendered, an appeal therefrom will challenge in the appellate court the correctness, not only of the part thereof fixing the amount of the judgment, but also of that portion which determines the several controverted questions.

The appeal is dismissed at the cost of appellant.

Motion to dismiss appeal sustained.