AUTO BODY CORPORATION, Plaintiff and Appellee, v. RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO ET AL., Defendants and Appellants.

No. 7565. Argued July 19, 1937.—Decided July 23, 1937.

B. *Fernández García*, Attorney General, *Jesús A. González*, Assistant Attorney General, and *M. Cruz Horta*, Special Attorney of the Treasury Department for appellant. *Celestino Iriarte, F. Fernández Cuyar* and *Héctor González Blanes* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The defendants and appellants have filed a motion requesting the increase of the undertaking which the plaintiff gave in order to obtain a writ of injunction.

They allege in substance that the plaintiff asked and obtained from the District Court of San Juan an order preventing the collection of excise taxes on its motor vehicles after giving a bond for ten thousand dollars; that they appealed said order and that the appeal is still pending in this Court, and that the undertaking for ten thousand dollars at present is insufficient because already the debt of the plaintiff amounts to $17,586.00 without including interest and surcharges.

And they also allege that "on March 15, 1937, the Hon. Circuit Court of Appeals for the First Circuit, rendered judgment in the case of *Corona Brewing Co.* v. *Treasurer of Puerto Rico* (89 F. 2d 479) by which it was declared that the exemptions granted by the Public Service Commission of Puerto Rico in accordance with the provisions of Act No. 40 of 1930 (Laws, p. 314), interpreted under the provisions of the Organic Act of Puerto Rico do not include the finished articles of the industries to which such exemptions are · granted as new industries nor the taxes in the nature of internal revenue . . . " and "that the instant case involves

the application of the same law of excise taxes of internal revenues of Puerto Rico, and hence it is clear that the plaintiff and appellee at the end will be obliged to pay said excise taxes plus interest and surcharges."

The plaintiff and appellee objected to the motion. It admitted the existence of the injunction and the amount of the undertaking given to obtain the same, but denied that it owed any sum for excise taxes to The People of Puerto Rico.

It denied that the undertaking was insufficient maintaining that it was not required to guarantee the payment of the excise taxes claimed but "to guarantee to the defendant any damages which may be occasioned by reason of the injunction."

It admitted the existence of the decision of the Circuit Court cited and that this case involves the same law which was interpreted, but it alleged that the decision was not final as a writ of certiorari was taken to the Supreme Court of the United States against the same.

And after making these and other allegations, it maintained that as the appeal has not been perfected, the jurisdiction of this Court has not commenced, and that the proceedings in the lower court have not been stayed, and that even in the hypothesis that the appeal had been perfected, it has been expressly decided that the lower court retains jurisdiction to require additional undertaking, or to increase the amount of the undertaking given in a case of injunction where the preliminary injunction has been issued and an appeal has been taken to a higher court. It cited the following authorities; *Porter* v. *Superior Court of California,* 78 Cal. App. 790, 248 Pac. 1077; *Stuart* v. *Ansley,* 119 La. 549, 44 So. 294; 4 Bancroft's Code Practice and Remedies, p. 4632, sec. 3529.

The appellee in not correct in maintaining that it is not sufficient to file a notice of appeal in order to stay all proceedings in the lower court with respect to the judgment or order appealed from.

The appellee would be correct if section 298 of the Code of Civil Procedure, as it appears in the English text, were the law in this jurisdiction, for then it would be necessary to give a bond to perfect the appeal, but this Court has repeatedly decided that the law as it was enacted in Puerto Rico does not require a bond in order to appeal.

Speaking through its then Justice Mr. Hernández, in the case of *Amsterdam* v. *Puente et al.,* 15 D.P.R. 143, this Court held:

"The respondents have filed a motion in this Supreme Court to dismiss the appeal taken on the ground that the appellants had not furnished any bond whatsoever, and had not been relieved by stipulation of the obligation to furnish it.

"Section 296 of our Code of Civil Procedure does not require either in its Spanish or in its English text, that bond be furnished to take an appeal; but section 298 of the English text prescribes that the perfecting of an appeal, by giving the undertaking or making the deposit mentioned in a section, the number of which it does not give, stays proceedings in the court below upon the judgment or order appealed from, with the exception stated.

"The Spanish text of section 298 does not agree with the English text."

"Said section 298, according to the English text, cannot be efficient in law, for the purpose of requiring an undertaking or deposit to perfect an appeal, because it starts from the assumption that such formality has been required by another section of the said Code of Civil Procedure, in which we do not find any provision whatsoever relating to the matter.

"Furthermore, section 296 of the Code of Civil Procedure, is a reproduction of section 3574 of the Code of Idaho, and although said section 3574 provides that the appeal is invalid for any purpose, unless an undertaking be given or a deposit be made within five days after service of notice of the appeal, this provision has not been embodied in section 296 of the Code of Porto Rico, and therefore it was the intention of the Legislature not to extend it to this Island.

"Said section 298 of our Code of Civil Procedure appears to have been taken from section 3583 of the Code of Idaho, which refers to section 3575 of the same code, which has not been embodied in ours.

"For the reasons stated, we are of the opinion that notwithstanding the English text of section 298 of the Code of Civil Procedure

of Porto Rico; the undertaking or deposit are not necessary requisites for the taking of an appeal, and consequently the motion of the respondents should be dismissed, with the costs against them."

Eight years later, in the case of *Hernández et al., v. Cuevas Zequeira,* 24 P.R.R. 759, speaking through its Justice Mr. Wolf, this Court held:

"The law is plain on its face and neither the District Court of Humacao nor the defendants in the original suit have shown us any reason for departing therefrom. A supersedeas is part of the perfecting of an appeal in California or Idaho, from which the section in question is copied, but in this case it should be noted there was no attempt to give a bond nor any other step taken which justified defendants in calling their application a 'motion for supersedeas.' There is no room for a supersedeas under the terms of the statute aforesaid. See also *Amsterdam* v. *Puente et al.,* 15 P.R.R. 143."

And as the question was raised ten years later, in the case of *Muñoz et al.* v. *Montaner,* 37 P.R.R. 298, it held as follows:

"The foregoing would be sufficient to justify a dismissal of the appeal but for an interesting discussion which took place in the conference chamber of the court where it was contended that in order to consider the appeal perfected and the proceedings stayed by virtue thereof it is necessary to give the security required by section 298 of the Code of Civil Procedure as set forth in the English text, as follows:

" 'The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section____, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; . . .'

"Eighteen years ago in the case of *Amsterdam* v. *Puente* 15 P.R.R. 143, this court by Mr. Justice Hernández, said: (The opinion is wholly quoted, and then the following is added:)

"The foregoing opinion set a standard which since then has been followed constantly and uniformly, and being submitted now to a new analysis, a majority of the court are of the opinion that it should hold good because it is based on a proper consideration of the facts and a clear construction of the law."

In what we think that the appellee is correct is in that the lower court retained its jurisdiction as to the undertaking

because what is stayed by virtue of the appeal is, in accordance with the terms of the same law—section 297 of the Code of Civil Procedure—

"all further proceedings . . . . upon the judgment or order appealed from, or upon the matters embraced therein", but not "upon any other matter embraced in the action and not affected by the order appealed from."

The cases cited by the appellee are absolutely applicable. In the first of them, *Porter* v. *Superior Court,* 248 Pac. 1077, it was held that:

"Perfection of an appeal divests superior court of jurisdiction of all matters embraced in the judgment or order appealed from, but not upon any other matter embraced in the action.

"Where, at any time pending litigation, it appears that undertaking on temporary injuction is insufficient, court must require an increase of the undertaking as the condition of allowing the plaintiff to continue the injunction.

"Superior court has jurisdiction, notwithstanding appeal, to order an increase in amount of undertaking on temporary injunction issued pending an appeal, even though result may be that the injunction will be set aside for failure to give the new undertaking."

And in the second, which is the case of *Stuart* v. *Ansley,* 44 So. 294, the Supreme Court of Louisiana held that:

"The court of the first instance after an appeal has been taken still has jurisdiction to pass upon the question of the insolvency or illegality of the bond."

Although the conditions were not the same, because the appeal had already been decided, it seems, however, convenient to cite what this Court said in the case of *Sosa* v. *District Court,* 46 P.R.R. 273 as follows:

"We agree with the petitioner and appellant that the undertaking in cases of injunction is something essential and of real importance. Apart from the exceptions provided by law, the issuance of the writ must be conditioned upon the giving of a bond. Injunction Act of 1906. Code of Civil Procedure, 1933 ed., p. 277."

In virtue thereof, the motion of the appellant requesting an increase of the undertaking must be overruled, without prejudice to presentation of their motion in the district court which issued the injunction.

Mr. Justice Córdova Dávila took no part in the decision of this case.