Auto Body Corporation, demandante y apelada, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, J. E. Colom, Comisionado del Interior y J. L. Molina, Jefe Encargado de la División de Automóviles del Departamento del Interior de Puerto Rico, demandados y apelantes.

Núm. 7565.—*Sometido:* Julio 19, 1937. *Resuelto:* Julio 23, 1937.

*Hon. Procurador General B. Fernández García, Jesús A. González, Subprocurador* y *M. Cruz Horta,* Asesor Legal Especial éste del Departamento de Hacienda, abogados de los apelantes; *Celestino Iriarte, F. Fernández Cuyar* y *Héctor González Blanes,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Los demandados apelantes han presentado una moción pidiendo que se amplíe la fianza que la demandante apelada prestó para obtener la orden de *injunction.*

Alegan substancialmente que la demandante solicitó y obtuvo de la Corte de Distrito de San Juan mediante una

fianza por diez mil dólares una orden paralizando el cobro de arbitrios sobre sus vehículos de motor; que de dicha orden apelaron encontrándose su recurso pendiente ante este tribunal, y que la fianza de diez mil dólares resulta hoy insuficiente porque ya la deuda de la demandante asciende a $17,586 sin incluir intereses ni recargos.

Y alegaron además "que el día 15 de marzo de 1937 la Honorable Corte de Circuito de Apelaciones para el Primer Circuito, dictó sentencia en el caso de la *Corona Brewing Co.* v. *Tesorero de Puerto Rico* (89 F. (2d) 479) por la cual se resolvió que las exenciones que se otorgan por la Comisión de Servicio Público de Puerto Rico con arreglo a las disposiciones de la Ley núm. 40 de 1930 (pág. 315), interpretada en concordancia con la Carta Orgánica de Puerto Rico no incluyen los artículos terminados de las industrias a las cuales se conceden tales exenciones como industrias nuevas ni las contribuciones que tengan el carácter de rentas internas . . ." y "que el presente caso envuelve la aplicación de la misma ley de exenciones de industrias nuevas y las disposiciones de la misma ley de arbitrios sobre rentas internas de Puerto Rico y por tanto resulta ostensible que el demandante y apelado al fin y al cabo vendrá obligado a pagar los referidos arbitrios con más sus intereses y recargos."

Se opuso la demandante apelada. Admitió la existencia del *injunction* y la cuantía de la fianza prestada para obtenerlo, pero negó que adeudara suma alguna por concepto de arbitrios al Pueblo de Puerto Rico.

Negó que la fianza fuera insuficiente alegando que no se exigió para asegurar el pago de los arbitrios reclamados sino "para responder al demandado de los daños y perjuicios que puedan ocasionársele con motivo del *injunction*."

Admitió la existencia de la decisión de la Corte de Circuito que se invoca y que está envuelta en este caso la misma ley en ella interpretada, pero alegó que la decisión no era firme por haberse interpuesto en su contra recurso de *certiorari* para ante la Corte Suprema de los Estados Unidos.

Y hechas esas y otras alegaciones, sostuvo que no habiéndose perfeccionado el recurso, la jurisdicción de esta corte no ha comenzado, ni han sido suspendidos los procedimientos en la corte inferior, y que aún en la hipótesis de que la apelación se hubiera perfeccionado, específicamente se ha resuelto que la corte sentenciadora retiene la jurisdicción para requerir fianzas adicionales, o aumentar la cuantía de la prestada en un caso de *injunction* en el cual se ha expedido el *injunction* preliminar y contra el mismo se ha recurrido para ante la corte de apelación. Cita las siguientes autoridades: *Porter* v. *Superior Court of California,* 78 Cal. App. 790, 248 Pac. 1077; *Stuart* v. *Ansley,* 119 La. 549, 44 So. 294; 4 Bancroft's Code Practice and Remedies, pág. 4632, sec. 3529.

■ No tiene razón la apelada al sostener que no basta la radicación del escrito de apelación para que quede suspendido todo procedimiento respecto a la sentencia u orden apelada, en la corte inferior.

La tendría si la sección 298 del Código de Enjuiciamiento Civil, tal como consta en el texto inglés, fuera la ley en esta jurisdicción ya que habría entonces que prestar fianza para que el recurso quedara formalizado, pero esta corte ha decidido repetidamente que la ley tal como fué decretada en Puerto Rico, no exige el requisito de la fianza para apelar.

Por medio de su entonces Juez Asociado Sr. Hernández, en el caso de *Amsterdam* v. *Puente et al.,* 15 D.P.R. 152, se expresó así:

"Los apelados han presentado moción a esta Corte Suprema para que se desestime el recurso de apelación interpuesto, por el fundamento de no haber prestado los apelantes fianza alguna, ni habérseles relevado mediante estipulación del deber de prestarla.

"El artículo 296 de nuestro Código de Enjuiciamiento Civil no exige en su texto español, ni en el inglés, la prestación de fianza para interponer un recurso de apelación; pero el artículo 298 en su texto inglés preceptúa que la formalización de una apelación por la fianza o depósito de que se hace mención en un artículo cuyo número no

se expresa, suspenderá los procedimientos en la corte inferior en cuanto a la sentencia u orden apelada fuera del caso exceptuado.

"El texto español del artículo 298 no está conforme con el texto inglés.

"Dicho artículo 298 tal como aparece redactado en inglés no puede ser eficaz en derecho al efecto de exigir prestación de fianza o de depósito para formalizar una apelación, pues parte del supuesto de que tal formalidad ha sido exigida por otro artículo del mismo Código de Enjuiciamiento Civil, en el cual no encontramos precepto alguno relativo al particular.

"Aún más, el artículo 296 del Código de Enjuiciamiento Civil es reproducción del 3574 del Código de Idaho y si bien ese artículo 3574 establece que la apelación es ineficaz para cualquier fin a no ser que se preste una fianza o se haga un depósito dentro de cinco días, después de la notificación de la apelación, ese precepto no ha sido traído al artículo 296 del Código de Puerto Rico, y por tanto, fué intención de la Legislatura no hacerlo extensivo a esta Isla.

"El ya citado artículo 298 de nuestro Código de Enjuiciamiento Civil parece haber sido tomado del artículo 3583 del Código de Idaho, el cual alude al 3575 del mismo Código, que no ha venido al nuestro.

"Por las razones expuestas, somos de opinión que no obstante el texto inglés del artículo 298 del Código de Enjuiciamiento Civil de Puerto Rico, la fianza o el depósito no son requisitos necesarios para interponer una apelación, y por tanto, es de desestimarse la moción de los apelados con las costas a los mismos."

Ocho años más tarde, en el caso de *Hernández et al.* v. *Cuevas Zequeira*, 24 D.P.R. 813, 814, hablando por su Juez Asociado Sr. Wolf, dijo:

"La ley es completamente clara y ni la Corte de Distrito de Humacao ni los demandados en el pleito original nos han mostrado razón alguna para que nos apartemos de ella. Un *supersedeas* es parte de la formalización de una apelación en California e Idaho, de donde el artículo en cuestión fué tomado, pero en este caso hay que advertir que no se trató de prestar fianza ni se dió ningún otro paso que justificara a los demandados en llamar a su solicitud 'moción sobre *supersedeas*.' No hay lugar para un *supersedeas*, de acuerdo con los términos de la ley citada. Véase también *Amsterdam* v. *Puente et al.*, 15 D.P.R. 153."

Y como la cuestión fuera suscitada unos diez años más tarde, en el caso de *Muñoz* v. *Montañez,* 37 D.P.R. 318, 322, expuso y resolvió lo que sigue:

"Bastaría lo expuesto anteriormente para dejar resuelto el recurso declarándolo sin lugar, a no ser por una interesante discusión surgida en el seno de la corte en la cual se ha sostenido que para que se entienda perfeccionado el recurso y los procedimientos se suspendan a virtud de la apelación, es necesario que se preste la fianza que exige el artículo 298 del Código de Enjuiciamiento Civil, tal como aparece en el texto inglés, a saber:

"The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section ——, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; . . .'

"Hace diez y ocho años en el caso de *Amsterdam* v. *Puente et al.,* 15 D.P.R. 152, este tribunal por medio del Juez Presidente, Hernández, entonces Juez Asociado, dijo: (Se transcribe íntegra la opinión y luego se agrega:)

" 'La anterior decisión marcó una norma que ha sido luego constante y uniformemente seguida y sometida ahora a un nuevo análisis la mayoría de los jueces opina que debe subsistir porque se basa en una apreciación correcta de los hechos y en una clara interpretación de la ley.' "

En lo que sí creemos que está en lo cierto la apelada es en que en verdad la corte sentenciadora conservó su jurisdicción en cuanto a la fianza porque lo que queda suspendido a virtud de la apelación es, de acuerdo con los términos de la misma ley—artículo 297 del Código de Enjuiciamiento Civil—"todo procedimiento . . . respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella", pero no "en lo que respecta a cualquier extremo . . . no comprendido en la apelación."

Los casos invocados por la apelada son perfectamente aplicables. En el primero de ellos, *Porter* v. *Superior Court,* 248 Pac. 1077, se resolvió que:

"El perfeccionamiento de un recurso de apelación inviste a la corte superior de jurisdicción para conocer de todas aquellas cuestio-

nes que están comprendidas en la sentencia u orden apeladas, mas no de cualquiera otra cuestión comprendida en el recurso.

"Cuando estando pendiente el recurso se desprende en cualquier momento que la fianza prestada en el·*injunction* preliminar es insuficiente, la corte debe exigir que la misma sea aumentada como condición previa a que el demandante continúe disfrutando del *injunction*.

"Una corte superior tiene jurisdicción, no obstante haberse apelado, para ordenar que se aumente la cuantía de la fianza prestada en un *injunction* preliminar librado mientras está pendiente una apelación, aunque el resultado sea que el *injunction* se deje sin efecto por dejarse de prestar la nueva fianza."

Y en el segundo, o sea en el de *Stuart* v. *Ansley,* 44 So. 294, la Corte Suprema de Luisiana decidió que:

"La corte de primera instancia, aun después de haberse entablado una apelación, tiene jurisdicción para conocer de la cuestión relativa a la insolvencia o ilegalidad de la fianza."

Aunque la situación no era igual porque la apelación había sido ya resuelta, parece, sin embargo, conveniente citar lo que dijo esta corte en el caso de *Sosa* v. *Corte,* 46 D.P.R. 282, 285. Es como sigue:

"Estamos de acuerdo con el peticionario apelante en que la fianza en casos de *injunction* es algo esencial y de verdadera trascendencia. Fuera de las excepciones que la misma ley señala, debe exigirse por el juez como condición precedente al diligenciado del auto. Ley sobre *injunction* de 1906. Código de Enjuiciamiento Civil, pág. 276, Ed. 1933.

"También estamos de acuerdo con el peticionario apelante en que cuando se demuestra de modo evidente que la fianza prestada no es bastante, debe aumentarse a fin de que se cumpla el verdadero propósito de la ley que es la garantía del pago de los perjuicios que pueda causarse al demandado con la expedición del auto.

"En lo que no estamos conformes con el peticionario es en que esta corte deba ordenar a la corte de distrito que a su vez ordene la prestación de la nueva fianza que el peticionario solicita.

"La apreciación de los probables perjuicios a compensar y en su consecuencia la fijación de la cuantía de la fianza, corresponde a la sana discreción de la corte sentenciadora, y tendría que demostrarse

un claro abuso de esa discreción para que esta corte pudiera intervenir."

*En tal virtud, debe declararse sin lugar la moción de los apelantes sobre aumento de fianza, sin perjuicio de que presenten su petición en la corte de distrito que decretó el injunction.*

El Juez Asociado Señor Córdova Dávila no intervino.