<div style="float:right; text-align:right">POYDRAS<br>*vs.*<br>TUSSON.</div>

---

### POYDRAS *vs.* TUSSON.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Appeals may be taken from all final judgments, so they may from interlocutory decrees, when the latter have a direct tendency to produce an irreparable injury to the appellant.

A delay in bringing the cause to a final decision, ought not to be viewed in any other light than an ordinary incident in the case, and cannot change the situation of the parties from their original position.

The facts are stated in the opinion of the court, delivered by *Mathews, J.*

This suit commenced by order of seizure and sale of certain slaves, claimed by the defendant in the original proceeding. She afterwards obtained an injunction, by bringing herself within the provisions and protection of the 739th and 740th articles of the Code of Practice, which authorise the grant of an injunction, in certain cases, without surety. Notwithstanding the law which requires a suit of this kind to be summarily tried, the case seems to have remained without final decision, during several terms of the court below. As it now stands before -

Eastern Dist.
*March*, 1832.

this court, no direct complaint is made in relation to its dura-tion. But after the last continuance in the District Court, the counsel of the original plaintiff, on affidavit of deterioration in the mortgaged property, and of improper conduct of the defendant in relation thereto, moved the court that she should be ruled to give security, &c.

This motion was overruled, and the defendant in injunction appealed.

In the appellate court a motion is made to dismiss the appeal, as having been taken from a judgment not final. Appeals may be taken from all final judgments. So they may from interlocutory decrees, when the latter have a direct tendency to produce an irreparable injury to the appellants. The decree, in the present case, may be considered as having such tendency, and if erroneously made, should be reversed, and the plaintiff in the injunction be ruled to give security. But we are of opinion, that the court below did not err in overruling the appellant's motion.

The law authorised the injunction in the first instance without sureties. The delay in bringing the cause to a final decision, ought not to be viewed in any other light than an ordinary incident in the case, and cannot change the situation of the parties from their original position.

It is, therefore, ordered, adjudged and decreed, that the decree of the District Court be affirmed, and that the appellant pay the costs of the appeal.