## THOMAS M. NEWELL *v.* GEORGE MORTON.

An appeal will lie from an order maintaining an injunction until the succeeding term
   of the court.   It is an interlocutory judgment which may effect irreparable injury.
Defendant having obtained a judgment against plaintiff in another State, levied an execution on property of the latter in that State, the sale of which was deferred
   for twelve months, in consequence of not bringing two-thirds of its appraised value.
   Defendant, thereupon, procured an order of seizure and sale in this State, which
   plaintiff enjoined.   On the trial, the injunction was maintained until the succeeding
   term, reserving to the parties the right to show whether the judgment had been
   satisfied out of the property originally seized, or the remedy exhausted.   On an
   appeal by defendant : *Held,* that it is oppressive to carry on two executions at the
   same time, and that the judgment should be affirmed.

APPEAL from the District Court of Concordia, *Curry,* J.

BULLARD, J.   This suit was commenced by an injunction, to stay proceedings upon executory process issued on a judgment recovered against the plaintiff in the State of Mississippi, on the ground that the judgment creditor had, at the time, an execution issued on his judgment in that State, and levied on property amply sufficient to satisfy the same.   There was a general denial, and the court being satisfied that there was, under actual seizure, in the State where the judgment was rendered, enough property to satisfy it, and considering it oppressive to prosecute, at the same time, two executions to enforce the same judgment, maintained the injunction until the next term of the court, reserving to the parties at that time the right to show, that the judgment has been satisfied, or that the judgment creditor has exhausted his

remedy in the State of Mississippi. Morton, the judgment creditor, has appealed.

*A. N. Ogden*, for the plaintiff. The appeal should be dismissed. The order was a simple continuance, and no appeal can lie. 4 Mart. 605. 5 Ib. N. S. 597.

*F. H. Farrar* and *T. P. Farrar*, for the appellant, urged that the court erred in maintaining the injunction. Until the judgment was satisfied, the creditor was entitled to resort to his remedy by seizure and sale. 11 Mart. 733. 12 Ib. 475. 1 Ib. N. S. 207. 5 Ib. N. S. 585. 19 La. 527.

BULLARD, J. The counsel for the appellant insists that the injunction ought to have been dissolved, it having been shown that the execution in the State of Mississippi had run out. On the other hand, the appellee insists that there is no final judgment, but that the order of the court amounts to nothing more than a continuance until the next term of the court. We cannot but regard this as an interlocutory judgment, pronounced after hearing the parties, and from which an appeal may well lie, because it might operate irreparable injury.

On the merits, the evidence shows that a *fieri facias* was issued in Mississippi, that several tracts of land were levied on, but that in consequence of two-thirds of the appraised value not having been offered, they remained unsold. But it appears that they were still under seizure, when the executory process was issued on the same judgment in this State.

We concur with the District Court that it is oppressive, and against equity to carry on two executions at the same time; and we think the appellee has no good reason to complain, that the injunction was maintained for six months, especially as the right was reserved to him of showing, at the next term of the District Court, that he had exhausted his remedy in the State of Mississippi.

*Judgment affirmed.*