11r 451
44 894

FRANÇOIS DUPLESSIS *v.* CHARLES LASTRAPES.

An appeal will lie from an interlocutory judgment which may work irreparable injury.

The defendant in an action of boundary cannot, under the allegation that, if the boundary claimed by plaintiff be established, his own boundaries will be so altered as to include land held by third persons, claim to have them made parties to the suit. *Per Curiam:* The defendant had no right to call his vendors in warranty; the plaintiff did not seek to evict him from any land sold to him, but only to establish that he had improperly changed his boundaries.

APPEAL from the District Court of St. Martin, *King*, J. The

plaintiff prayed for damages for a trespass upon his land, committed by the defendant, and for a judgment establishing the boundary between his land and the defendant's.

MARTIN, J.* This is an action of trespass, alleged to have been committed by the defendant on the plaintiff's land. The defendant pleaded the general issue, urging the *locus in quo* not to be within plaintiff's land, but within that of the defendant. In other words the action assumed the character of one of *bornage*. The defendant filed an amended answer, stating that if the plaintiff proved himself entitled to locate his land as claimed by him, that is to say, by running the lower line of his tract down the bayou, the defendant would become entitled to have the lower line of his own tract, which would be thus displaced, moved down the bayou, and entitled to take land now in the possession of Thomas and Picoud. He, therefore, prayed that they might be made parties to the present suit.

These new defendants being cited, called in the persons under whom they claimed, to warrant their title; and further urged, that if Lastrapes, the original defendant, was entitled to have his own tract located as he prayed, and to have his lower line moved down the bayou, the respondents would become entitled to have their own lower line removed also down the bayou, over land claimed by, and in the possession of, Guidry and Le Blanc. They therefore prayed for leave to make them parties to the suit. The plaintiff now filed his bill of exceptions to the leave granted by the court to Lastrapes, to make those under whom he claims, and Thomas and Picoud, his lower neighbors, parties to the present suit, on the ground that the leave and the continuance of the cause thereon, would produce irreparable injury to him, by procrastinating his suit to an indefinite period, creating vexatious costs and delays by the introduction of matter foreign to the issue.

The plaintiff offered to waive his objections, and allow the new parties to be made, if they would consent to an immediate trial; as Thomas and Picoud were not called in warranty by Lastrapes, but were directly attacked for a distinct tract of land, other than that on which was the *locus in quo*. The court

*SIMON, J., did not sit on the trial of this case.

overruled the exception; the plaintiff appealed, and has placed his case before us on his bill of exceptions.

It has been contended that the appeal ought to be dismissed, as it was not taken from a final judgment. We have frequently sustained appeals from interlocutory judgments, and are bound to do so whenever the party would sustain an irreparable injury if not relieved by us. *Newell* v. *Morton*, 3 Rob. 103.

The object of the suit was to fix the boundaries of the land of the original parties. It should have been restricted to that.

If it be conceded that the defendant had the right of making his neighbors parties, and they their own, there would be no limitation to the number of parties that might be thus brought in.

Lastrapes had no right to call his vendors in warranty, because the plaintiff did not seek to evict him from any land sold to him, but only to contend that he had improperly changed his boundaries. If his neighbors have encroached on any part of his land, the plaintiff cannot be compelled to have his suit delayed until the controversy to which the real or pretended encroachment gave rise is settled.

The District Court, in our opinion, erred. It is, therefore, ordered and decreed, that the order authorising Thomas and Picoud, and Guidry and Le Blanc to be made parties to the present suit, be rescinded, and their answers set aside, and that the case be remanded for further proceedings according to law; the defendant and appellee paying the costs of the appeal.

*Voorhies*, for the appellant.

*T. H.*, and *W. B. Lewis*, for the defendant.

*Heard and Magill*, for the warrantors.