## LEVI PIERCE v. THE CITY OF NEW ORLEANS.

A party may appeal from all interlocutory judgments when such judgments may cause him an irreparable injury. C. P. 566.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Durant & Horner*, for plaintiff. *J. J. Michel*, for defendant and appellant.

On a motion to dismiss.

DUFFEL J. The plaintiff's petition declares, in substance, that he purchased, in 1849, and still holds, a lot of ground which is fully described, together with a three story brick dwelling house thereon, and a blank brick wall on the rear and side lines of said lot, in the city of New Orleans.

That the ground in the rear of said lot is occupied by the Washington Artillery, who have on it an arsenal and armory.

"That some year or more ago the city of New Orleans, under which the Company of Washington Artillery is in possession of said arsenal and armory," raised said rear wall without making any opening in it, and used the same and his wall for their extended buildings.

That recently their wall was still further raised to enlarge their buildings, but no opening was made in it.

That still later in May, 1861, the plaintiff noticed a hole in the wall looking on his property, evidently intended for a window, and on his remonstrance against such a design, he was assured that the hole would be filled up; but notwithstanding said promise, and against his will and the protest of some members of his family, the city of New Orleans, taking advantage of his inability to attend to his affairs on account of a severe illness, suddenly completed the window which now opens on his yard.

The petition concludes by asking $500 as damages; that the city be ordered, on a rule to show cause, *in limine* and before other proceedings had, to restore said wall to its original condition as a blank wall; that a surveyor be at the same time appointed to run the rear line between said lot and the adjacent one, "and that after due proceedings had, a perpetual order and injunction may issue," &c.

The city excepted to this summary proceeding, but the exception was overruled—the rule made absolute, and the city ordered to "close up the opening in the wall referred to in the petition, and to restore the said wall to its original condition of a blank wall during the pendency of this suit, upon the plaintiff giving bond, &c." The city thereupon took a suspensive appeal from said order.

The plaintiff moves the dismissal of the appeal on the grounds: 1st. "That by law defendant has no right to a suspensive appeal in this case; that the judgment works no irreparable injury. 2d. That if a suspensive appeal lies, the writ of injunction is virtually abolished, &c."

We have thus given the principal averments of the petition, and the

absolute order of the District Judge on the rule to show cause, in order that our conclusion may not be misconstrued and applied to the generality of injunction cases, properly speaking.

The article 566 of the Code of Practice provides, that "One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

Now, a suspensive appeal will lie in this case, should the effect of the order be as stated in this article; and that such will be the case, were the interlocutory judgment to be voluntarily obeyed or judicially enforced by writ of distringas or otherwise, is to us apparent.

It is therefore ordered, that the motion to dismiss the appeal be overruled.