## No. 6735.

State ex rel. Paul Doullut vs. Judge of the Sixth District Court, Parish of Orleans.

A suspensive appeal will not lie from an order granting an injunction, when it does not clearly appear that the injury complained of as arising from the injunction is irreparable; such as the appeal on the merits can provide no adequate remedy for.

A suspensive appeal will lie from an order of court, which rescinds a previous order of the court setting aside a writ of injunction on bond.

APPLICATION for writs of mandamus and prohibition.

*A. & W. Voorhies*, for relator.

*E. H. Farrar*, for respondent.

The opinion of the court was delivered by

Spencer, J. The suit of "A. Saulet et al. vs. Paul Doullut," is a suit to restrain and enjoin the defendant from carrying on a tallow factory in the Third District of New Orleans, on the ground that the same is a nuisance. Plaintiffs pray that an injunction issue against defendant, which upon their oath, and bond, for $300 the court granted. This injunction was granted on the *ex parte* showing of plaintiff's petition and oath.

Defendant thereupon made an *ex parte* application to set aside said

injunction by bond, under article 307 of the Code of Practice. The court granted this order, setting aside the injunction on defendant giving bond for $500, which was accordingly given.

Thereupon the plaintiffs, alleging that the acts complained of and enjoined were calculated to work them an irreparable injury took a rule on defendant, to have the order to bond the injunction, rescinded, as having been improvidently granted. Upon trial this rule was sustained and the order permitting the bonding was rescinded and set aside.

Thereupon, and within ten days from the date of the original order of injunction defendant moved for a suspensive appeal from both orders to wit:

First from the original order of injunction and second from the order rescinding the order permitting the bond.

The judge refused an appeal from either order, and the defendant is before us applying for writ of mandamus to compel the granting of the appeals and for writ of prohibition.

We think he can not appeal from the first, but can appeal from the second of said orders.

First—The record of appeal from the original order granting the injunction could not legally contain any thing except plaintiff's petition, affidavit and bond. No proceedings subsequent, could be reviewed on said appeal, for we would have to pass upon the case just as it stood when the district judge passed upon it, in order to decide whether he rightfully or wrongfully granted the order. In other words the question presented to us would be, whether or not, on the face of papers, taking all plaintiffs' allegations as true, they were entitled to the injunction prayed for. So that the case would present substantially the same phase, as if an appeal were asked from an order overruling an exception of "no cause of action." This court held in Osborne vs. Clayton 3 R. 437 that "no appeal will lie from an order, discharging a rule to show cause why an injunction should not be dissolved on the ground that the petition set forth no legal cause for issuing it. That it is an interlocutory order and works no irreparable injury, and if erroneous it may be corrected by appeal from the final judgment."

We do not think the law, in giving the right of appeal from interlocutory orders, contemplated extending it to original orders granting the conservatory writs of injunction, attachment, etc. The indemnity which the law provides for defendants in these cases against damage and injury is supposed to be sufficient to prevent the injury being "irreparable," even if such original conservatory orders can be considered as "interlocutory." If the bond given by the plaintiffs in such suits is not good and sufficient to indemnify the defendant against any loss and injury he may sustain, the law provides him a remedy, by motion, to

compel the giving of good security. Should the judge wrongfully refuse to grant such order, the party would have the right to appeal from the order refusing it. Poydras vs. Tusson, 3 La. 443.

We think appeals from "interlocutory orders" should only be granted when the injury therefrom comes with reasonable certainty under the head of "irreparable;" for such appeals tend greatly to the delay and expense of litigation. If substantial relief from the injury done by the order can be obtained on appeal from the final judgment, the interlocutory order should not be appealed from.

Second—As to the right of appeal from the second order above named, that rescinding the order to bond the injunction, we think our predecessors have settled that it exists, though if discussed as a new question it would be, we think, very questionable. 12 An. 455; 3 R. 102; 11 R. 452.

The effect of the order rescinding the previous order to bond is the same as if the original application to bond *had been refused* in the first instance. In "State ex rel. Barthe vs. Judge of Superior District Court," 28 An. 903, a case involving the precise point, our predecessors held "that an appeal will lie from an order refusing to allow the release on bond, under article 307 Code Practice, of an injunction." See also 28 An. 880 and 889.

It is therefore ordered and decreed that the mandamus and prohibition herein be made peremptory in so far as relates to the order rescinding the order to bond the injunction, and that in other respects they be refused.

## DISSENTING OPINION.

EGAN, J. I concur in so much of the opinion and decree of the majority of the court as holds the relator not entitled to an appeal from the order of the district judge granting the injunction complained of, and dissent from so much of the opinion and decree as holds the relator to be entitled to an appeal from the order of the district judge rescinding an order permitting him to dissolve the injunction by giving bond under article 307 of the Code of Practice. All the reasons which exist for denying the right of appeal in the one case, attach with equal or greater force in the other, and are involved in it. If the relator can not appeal from the order granting the injunction, because, if wrongfully issued, he is protected by the bond of the plaintiff, and may obtain relief upon final judgment, or upon appeal from final judgment in the cause, it is difficult to perceive wherein he can not in the same manner obtain relief from the interlocutory order, the effect of which is to reinstate, or to leave the injunction in force. The general rule has been often announced by this court to be, that where a party may be compensated in

money in the same action, the injury is not irreparable, and an appeal will not lie from an interlocutory order, and so I understand the majority of the court to hold on the other branch of this case. See 12 R. 488, 2 An. 321, 4 An. 147, 12 An. 455. In the case of Osborne vs. Clayton, 3 R. 437, it was held that no appeal will lie from an order discharging a rule to show cause why an injunction should not be dissolved on the ground that the petition set forth no legal cause for issuing it; that the order which was interlocutory worked no irreparable injury, and, if erroneous, might be corrected by appeal from the final judgment. The law is correctly stated by Chief Justice Merrick in White vs. Cazenave, 14 An. 57, to be that the law (C. P. 307) " only confers on the district court the discretion to dissolve an injunction on the defendant's giving bond *when* the act *prohibited is not such as may work an irreparable injury;*' and that when the district judge, through error, embraces as within this article *a case not contemplated by it, one where the prohibited act* may work an irreparable injury, an appeal must lie (*in favor of the plaintiff,* not the defendant in injunction) by the express terms of article 566 of the C. P. The same doctrine was held in Delacroix vs. Villeré, 11 An. 39, and in a number of cases before and since. In the 14 An. case quoted, the learned judge said: " The question must be determined by the facts and circumstances of each case," so that no authority in favor of the relator here can be derived from the cases decided by our predecessors and reported in 28 An., and quoted in the opinion of the majority of the court which were decided upon their own peculiar state of facts.

Only one of these cases, the State ex rel. Barthe vs. Judge of the Superior District Court, p. 903, has any similitude to that now under consideration, and the opinion, which is very short and unsatisfactory, gives evidence of hasty preparation, as it is evidently based upon the erroneous belief of the judge who rendered it, that "*it has frequently been held* that an appeal will lie from an order refusing to allow the release on bond under article 307 of the Code of Practice," and as further stated in the opinion that " the relator *had an absolute right* to an appeal from the judgment complained of, notwithstanding the terms of the article of the Code of Practice, and the decisions of able judges in the past hold the right of appeal from interlocutory orders to be very far from absolute, and make even the exercise of the legal discretion to grant an appeal from such orders, depend upon the particular facts of each case, while the current of authority and the reasons for it are against the absolute right. Indeed, the cases are exceptional when it is allowed.

The judge has not favored us with any reference to the cases in which it has been so " frequently held," and neither ourselves nor our learned brother who prepared the opinion of the majority of the court in the case at bar have been able to find them The only other case in the same

volume which bears at all upon the questions involved in the present case is reported on page 889, 28 An. So far from being in any degree favorable to the relator it only supports the views expressed in this opinion and those announced in the older cases quoted in it to the effect that this court may, *at the instance of the plaintiff in injunction*, compel an appeal from an order of the district judge dissolving an injunction on bond. The case was an injunction against an order of seizure and sale. The injunction was dissolved upon the bond of the seizing creditor, and the judge below having refused the plaintiff in injunction an appeal from the order of dissolution was compelled by this court to grant it. The effect of the dissolution would otherwise have been the alienation under the writ of the property seized. The decision was right.

In the fourteenth Annual case before cited, the Chief Justice was applying the principles announced by him to the right of the plaintiff in injunction to appeal from an order dissolving on bond, and went so far as to say that "in order to test the plaintiff's right to appeal, we are forced to consider whether the court erred in granting the order. If it did err, an appeal lies by the very terms of articles 307 and 566, C. P. *If it did not err the appeal must be dismissed.*" And again, he says: "In the consideration of the question before us, the *allegations of the plaintiff's petition must be taken as true*," a proposition about which there can be no question and one which is recognized by the majority of the court in the case at bar in the reasons given for refusing the right of appeal from the order granting the injunction. Applying this principle to the present case, what are the facts or the allegations of the petition for injunction from the effects of which, pending the cause, the relator seeks relief through an appeal *from the refusal of the judge to permit him to continue to do the* acts from the doing of which he is enjoined by the simple execution of an obligation to *compensate in money for committing a nuisance,* for as such it is characterized and described in the plaintiff's petition, which, for the purposes of this inquiry, must be taken as true. In the case of Fuselier vs. Spaulding, 2 An. 773, it was properly held that the burning of a brick kiln near a dwelling, exposing it to danger, and seriously incommoding the occupants and endangering the health of plaintiff's family, may be enjoined.

In the case of Marion vs. Johnson & Rendall, 22 An. 512, the court held that in determining the question whether acts complained of will work an irreparable injury to the plaintiff, on the trial of a motion to dissolve an injunction on bond, all the allegations of the petition for injunction must be taken as true, and *if the facts set up show trespass* on real property, which if continued would change the possession of it, the motion to bond under article 307 will be overruled *because* an irreparable injury would be done the plaintiff. In that case the plaintiff had

appealed from an order permitting the defendants to dissolve the injunction on bond, and the motion to dismiss the appeal was overruled, the order to bond set aside, and the *injunction reinstated.* The counsel for plaintiffs argued and the Supreme Court thought that by permitting the defendants to release the injunction on bond the district judge *had licensed a trespass.* The district judge, in the case at bar, had, by the order of "dissolution on bond, in effect *licensed a nuisance,* as appears by the face of the papers by which the question must be tried. This was evidently done through error and inadvertence, and he very properly sought by the order of rescission to recall the error and reinstate the injunction. Had he failed to do so, the plaintiff in injunction under the authorities cited might, and no doubt would, have appealed, and thus corrected the error first committed by the district judge. It does not, however, follow that the defendant can appeal from the order rescinding the order to bond and reinstating the injunction. I think this order rests upon precisely the same basis in the present case with the order granting the injunction, and that it can not be appealed from. If the facts alleged are untrue and the injunction has been wrongfully sued out he will be permitted and enabled to show it on the trial of the case and to obtain such damages as he may meanwhile have suffered (see 12 An. 455); but if, on the contrary, the injunction was rightfully sued out, which we must assume till the contrary is shown on the trial, he can not be permitted to avoid or suspend its effects either by bond for dissolution or by appeal.

Who can recall or repair with money the effect of a continuing nuisance to the health and comfort of plaintiff, his family, and of the public of whom he is one, if it, indeed, be so as charged in the petition for injunction ; and what is the effect of allowing an appeal in this case to the party enjoined, if it be not to permit him to continue to commit and keep up the nuisance complained of during the pendency of appeal, however long.

In Jure vs. First Municipality, 2 An. 322, the absolute right of appeal was denied even to the plaintiff, and we may paraphrase in this case the language of Judge Slidell in that by saying that the very object of the injunction would be defeated if the relator were premitted to suspend its operation by an appeal.

It seems to me that article 307 of the Code of Practice was provided for no such purpose or case, and that we are compelled to look into the facts of the particular case in order to determine whether or not the right to bond and consequently the right to appeal exists. I think the one depends upon the other and that neither exists in the present case. It may not be amiss to remark that it is a necessary corollary from the argument and authorities that the right of appeal may well exist in

State ex rel. Doullut vs. Judge of Sixth District Court.

favor of the party enjoining an act alleged to work irreparable injury and not exist in favor of the party committing the act, and so with all the cases of appeal which are to be found in the books with the exception of that in the twenty-eighth Annual, decided by our immediate predecessors, the incorrectness of which has been already discussed.

This case is different even from an appeal from a refusal to order the release on bond, for in that case the injunction would remain operative and the nuisance could not be continued during the pendency of the appeal, while in the case at bar, which is an application to compel the granting of appeal from an order rescinding an order allowing the defendant to release the injunction on bond, the effect of granting the appeal necessarily. is to continue the existence of the nuisance pending appeal. This effect can not be remedied or recalled. The consequences to the plaintiff and the public might be too serious; and, however little disposed to restrict the right of appeal, I do not think the law gives it, and I can not consent to give it in this class of cases.

For these reasons I dissent from the conclusions of a majority of the court.