(46 South. 205.)

No. 17,007.

WENDLING v. DIXIE ICE MFG. CO., Limited.

(March 30, 1908.   Rehearing Denied April 27, 1908.)

APPEAL—APPEALABLE ORDER.

No appeal lies from an order granting, or refusing to dissolve, an injunction pendente lite, except in cases where the injury cannot be repaired in damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 675–677.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by D. Wendling against the Dixie Ice Manufacturing Company, Limited. Judgment for plaintiff, and defendant appeals. Dismissed.

Dinkelspiel, Hart & Davey, for appellant. Daniel Wendling, pro se.

On Motion to Dismiss Appeal.

LAND, J. This suit is one to abate an alleged nuisance, resulting from smoke, soot, and cinders issuing from the smokestack of the defendant's ice plant and from noise produced by operating the machinery at night.

Plaintiff prayed for a writ of injunction restraining and prohibiting the defendant from operating its plant at night, and from using the smokestacks on the premises unless the same shall first be raised 20 feet above the highest building within a radius of 100 feet, and capped so as to prevent soot and cinders from falling therefrom, and shall also construct, maintain, and use smoke consumers and other devices to prevent the development and emanations of smoke in dense masses, all as required by city ordinances. Plaintiff alleged damages already sustained in the sum of $500, and prayed for judgment for that amount, and interest and costs, and for a decree maintaining and perpetuating the injunction. The court ordered the defendant to show cause why the writ of injunction prayed for should not be granted. The defendant excepted to the rule on the ground that the petition disclosed no cause of action, and for answer denied all the allegations of the petition. On the trial of the rule, evidence was adduced on the merits of the application for an injunction. The

court denied the injunction as to the operation of the factory at night, but granted the writ in all other respects as prayed for until the further orders of the court. Defendant was allowed a suspensive appeal from the order, returnable to the Supreme Court.

In this court the plaintiff and appellee has moved to dismiss the appeal on several grounds. The first in logical order is that no appeal lies from the order granting the injunction pendente lite.

The general rule is that an order granting a preliminary injunction is interlocutory, and works no irreparable injury, as the error, if any, can be corrected by appeal from the final judgment. Osborne v. Clayton, 3 Rob. 437. This doctrine was applied in State ex rel. Doullut v. Judge, 29 La. Ann. 869, to an injunction to restrain the defendant from carrying on a tallow factory, on the ground that the same was a nuisance. The court, inter alia, said:

"The indemnity [bond] which the law provides for defendants in these cases against damage and injury is supposed to be sufficient to prevent the injury being 'irreparable,' even if such original conservatory orders can be considered as interlocutory."

In Town of Donaldsonville v. Police Jury of Ascension, 33 La. Ann. 249, the court held that the jurisprudence was settled that an appeal from a mere preliminary injunction will not lie, citing the two cases, supra.

In Fontelieu v. Gates, 36 La. Ann. 833, the court said:

"Fontelieu moves to dismiss on the ground that no appeal lies from an order granting an injunction. That is the settled rule; the only qualification of it being in those cases where the injury cannot be repaired in damages."

In the case at bar the judge, after hearing the parties, denied the injunction in part, but granted the writ to the extent of restraining the defendant from using the smokestacks on the premises until the requirements of the city ordinances in such cases

had been complied with. This order was not a final judgment, but was subject to modification by the district judge at any time before the final determination of the case. Koehl v. Judge, 45 La. Ann. 1495, 14 South. 352. Any injury caused to the defendant by the injunction is reparable in damages, and we do not see how the defendant can be irreparably injured by conducting his business in accordance with the city ordinances. In case of Pierce v. City of New Orleans, 16 La. Ann. 396, the defendant was ordered in limine to close up the opening in a wall and to restore it to its original condition of a blank wall during the pendency of the suit. The court, while maintaining the appeal, especially recognized the exceptional nature of the injunction.

The defendant contends that the order in question works irreparable injury, because the evidence shows the absolute inability of the defendant to comply with the orders of the court, as to do so would compel the defendant to close his factory. Such a closure for the time necessary to install the appliances and devices required by the city ordinances would not work an injury which could not be compensated in dollars and cents.

Appeal dismissed.