On Motion to Dismiss.
SOMMERVILLE, J.
Plaintiffs and appellees move to dismiss the appeal in this case, alleging that it is from an interlocutory order or decree, refusing to dissolve an injunction restraining the paying out of cer *45 tain money in the custody of the treasurers of the city of Monroe and parish of Ouachita, on the ground that the damage, if any, is reparable.
In their petition plaintiffs allege themselves to be the owners of one half of two special funds in the hands of defendant treasurers; and that defendant Thomas M. Dodson is the owner of the other half of said funds. They ask for, and have obtained, an injunction preventing the defendant treasurers from paying the half of said funds claimed by them to said Thomas M. Dodson.
Defendant Dodson, on motion, obtained an order upon the defendant treasurers to pay to him the halves of said funds which were not claimed by plaintiffs, and which they allege to belong to him. The order was made peremptory, and he has received said funds.
¡Subsequently Dodson, the defendant, petitioned the court to dissolve the injunction on bond. He also filed a motion to the same effect. The two treasurers, defendants, answered the rule, saying that they had no interest in the litigation; they being mere holders of the funds. The board of liquidators of the Bank of Monroe answered that defendant Dodson was without right to bond said injunction. John P. Parker, one of the plaintiffs, answered that said Thomas M. Dodson was not a defendant in injunction, and that he is without authority in law to dissolve said injunction on bond, and that the injury sought to be restrained by the injunction — that is to say, the payment of money belonging to respondent, and now in the hands of stakeholders, the treasurers of the city of Monroe and the parish of Ouachita, respectively — is, in law, reparable.
After trial, the rule of defendant Thomas M. Dodson to dissolve the injunction on bond was denied. Mr. Dodson has appealed, and it is this appeal which plaintiffs and appellees ask to have dismissed.
At the present time we are not concerned with the correctness of the judgment appealed from. We are now considering the motion to dismiss the appeal taken from that judgment
[1] Article 566 of the Code of Practice, provides:
“One may likewise appeal from all interlocutory judgments, when such judgments may cause him an irreparable injury.”
The refusal of the trial judge to permit defendant'to bond the injunction sued out by plaintiffs was an interlocutory judgment or order; and, under the Code of Practice, is not appealable from, unless that order may cause him an irreparable injury. Here the injunction is to prevent two of the defendants from paying over, money which they have in their custody to the third defendant, Dodson. All damages resulting from the action or suit of plaintiffs are compensable in money; and therefore the damages arising from the refusal of the trial judge to permit the defendant to bond said injunction are reparable; that is, he may be compensated in money for any damages which he may suffer through the acts of plaintiffs. Therefore no appeal lies from the interlocutory order declining to permit defendant to bond said injunction.
We have been referred to our decision in State ex rel. Doullut v. Judge, 29 La. Ann. 869, where we say, with reference to a right of appeal fx-om an interlocutory order refusing to bond an injunction:
“We think our predecessors have settled that it exists, though, if discussed as a new question, it would be, we think, very questionable. [State ex rel. Perkins v. Judge of Fifth District Court] 12 La. Ann. 455; [Newell v. Morton] 3 Rob. 102; [Duplessis v. Lastrapes] 11 Rob. 451.”
An examination of that case, together with the cases cited therein, leads us to conclude that the court had in view rights of appeal *47 only where the damages were irreparable; for we say in that case:
“Thereupon the plaintiffs, alleging that the acts complained of and enjoined were calculated to work them an irreparable injury, took a rule on defendant,” etc.
And reference to the cases in State ex rel. Perkins v. Judge of Fifth District Court, 12 La. Ann. 455, Newell v. Morton, 3 Rob. 102, and Duplessis v. Lastrapes, 11 Rob. 451, shows that in each one of those cases the injury was found to be irreparable. There is a similar finding in Poydras v. Tusson, 3 La. 443, referred to by appellant. The other cases cited by appellant — State ex rel. Morgan Railroad v. Judge, 36 La. Ann. 394, and State ex rel. Roth v. Judge of District Court, 38 La. Ann. 49 — are not in point. The last case referred to by appellant — Barthe v. Judge, 28 La. Ann. 903 — appears to support his contention:
“It has frequently been held that an appeal will lie from an order refusing to allow the relief on bond under article 307 of the Code of Practice of an injunction. Relator had the absolute right to appeal from the judgment of which he complains, and it was the duty of the judge to grant it. C. P. 573.”
That language is very broad, but reference to the record, which is on file in this office, shows that the applicant there alleged and made affidavit to the fact that the injury to him would be irreparable. And it was doubtless on this representation and finding that the court made the mandamus peremptory, ordering the district judge to grant the appeal applied for.
The order refusing to dissolve the injunction on bond in this case is interlocutory, and no appeal lies therefrom, because the injury may be compensated in money. It is not irreparable. Irwin v. Telegraph Company, 36 La. Ann. 772; State ex rel. Roth v. Judge, 37 La. Ann. 846; Dupuy v. Police Jury, 115 La. 579, 39 South. 627; Wendling v. Dixie Ice Company, 121 La. 185, 46 South. 205.
The appeal is dismissed.