This matter comes before us on motion to dismiss the appeal on the ground that it is taken from an interlocutory order which has caused no irreparable injury and that there has been rendered no final judgment from which an appeal might be taken.
The suit is one for damages resulting from an automobile accident. The injured plaintiff, Mabel Algere, in this proceeding did not sue the alleged tort-feasor, C.L. Tillman, Jr., but sought judgment under Act No. 55 of 1930 against General Accident Insurance Company, alleging it to be the liability insurance carrier of the said tort-feasor, Tillman.
Plaintiff also prayed for judgment against Godchaux Mayer, Ltd., a corporation, which corporation she alleged to be the agents and brokers of the said General Accident Insurance Company.
Plaintiff prayed for a reservation of her rights to file an independent suit against Tillman, the alleged tort-feasor and it appears from briefs which we find in the record that this other suit has been filed against the said Tillman.
In the suit which is before us against the insurance carrier and the alleged agents and brokers of the said insurance carrier, plaintiff filed interrogatories to be propounded to the said defendants, these interrogatories dealing with the occurrence of the accident.
To these interrogatories the defendants filed answer, stating, in each case, "that they do not know". Upon the filing of these answers, plaintiff, by rule nisi, called upon the said defendants to show cause why their failure to answer categorically each of the propounded interrogatories should not authorize the rendering against them of judgment "pro confesso". This rule was dismissed. The district judge wrote upon the face of the rule itself, "Rule dismissed", and from that order dismissing the rule plaintiff has obtained an order granting a devolutive appeal and has lodged the transcript, or record of appeal, in this court. It is this appeal which we are asked to dismiss.
We think it evident that the order dismissing plaintiff's rule for a judgment "pro confesso" is merely an interlocutory order as defined in Article 538, C.P. and that it worked no irreparable injury to plaintiff. It is well settled that an appeal from an interlocutory judgment will lie only in cases where the injury is irreparable. Article 566, C.P.; Board of Liquidating Bank Commissioners v. Dodson, 131 La. 44, 58 So. 1027; Succession of Pons, 141 La. 331, 75 So. 70; Barkley Co. v. Ham Seymour,157 La. 872, 103 So. 245.
Plaintiff sought to prove her case by the aforementioned interrogatories and she propounded them to both defendants, neither of which could possibly have had any information concerning the actual occurrence of the accident, except by hearsay. The *West Page 60 
dismissal of the rule did not terminate plaintiff's suit, but simply made it necessary that she find some other means of proving the facts upon which she is seeking to rely.
In Kraeutler et al. v. President, Directors Co. of the Bank of the United States, 11 Rob. 160, the Supreme Court of Louisiana was presented with a situation which we consider identical with that which we find here. There judgment "pro confesso" was sought against a garnishee on the ground that the garnishee had not categorically answered the propounded interrogatories. From an order dismissing the rule for judgment "pro confesso", plaintiff appealed, and on motion to dismiss the appeal the Supreme Court said that the order dismissing the rule was a mere interlocutory order and did not work irreparable injury.
No distinction can be found in the fact that in that case defendant in rule for judgment "pro confesso" was a garnishee, whereas here the defendants in rule for judgment "pro confesso" are the defendants in the principal controversy.
See, also, Carroll v. Wallace, McGloin 9.
The appeal is dismissed at the cost of appellant.
Appeal dismissed.