JANVIER, Judge.
Morris Hutchinson, plaintiff, as the owner of a certain tract of land, made up of two parcels, in the Parish of St. Bernard, brought this action against the owner of the land which adjoins plaintiff’s on its eastern border, and also against his vendor who owns other lands nearby but not contiguous to that of plaintiff..
The proceeding is termed by counsel for plaintiff an action in boundary.
The defendants filed exceptions of no cause of action, contending that the purpose of the action is not limited to the fixing of the boundary line between two adjoining tracts but has also as its purpose the fixing of .all, boundaries .of the tract which plaintiff owns and .particularly, the fixing of the boundary of plaintiff’s land on the side opposite that of the adjoining defendants, and that the petition is also defective in that it seeks to make a party defendant in a boundary action one of the present defendants whose land is not contiguous ¡to plaintiff’s and in that it fails to make defendants other -persons whose boundaries will be affected, and particularly in that it -seeks in one action in boundary to fix all of the boundaries of plaintiff’s lands.
When the exceptions were first presented to the district judge he referred them to the merits. However, during the hearing of the matter, after a survey had been made and presented, the district judge reached the conclusion that the principal controversy involved a boundary between the lands of plaintiff and those of other, owners not parties to the litigation, and he therefore maintained the exception, saying: “The Court, upon reconsidering the exception of no cause of action, will dismiss this suit because of the fact that any judgment the Court will be called upon to render would affect property of Gu-stine Allen who has not been made a party defendant, and therefore any judgment rendered by "this Court would be null and void and unenforceable in law. The Court therefore will sustain the exception of no-cause or right of action as filed by defendant and dismiss this suit; costs to be paid by plaintiff, including the costs of the surveyor and the cost .of the stenographer.”
• Plaintiff appealed from the judgment dismissing his suit.
The petition alleges that the lands of plaintiff were purchased from Mrs. Grace-Wright Robinson; that Mrs. Robinson, still owns another tract of land (which does not adjoin that of plaintiff but is. •separated from it by lands of Paul Naquin and Gilbert Moore Deroche, who also acquired from Mr. and Mrs. Robinson) ; that. Naquin and Deroche, , whose western boundary forms the eastern boundary of' plaintiff’s land, have trespassed on plaintiff’s land, claiming that their boundary is within what is really plaintiff’s land.
The petition also. alleges that the real western boundary of plaintiff’s land — that, is the boundary on the other side — can be established because of certain remnants of an old fence and other ancient landmarks which will fix that .boundary on the western, side of plaintiff’s property between his land, ■and .-that of- Gustine Allen and Joachim, *567 Nunez — not parties to this -litigation — and that it is therefore necessary that a surveyor he appointed and that, among other things, “the western boundary”, that is, the boundary between plaintiff’s property and that of Gustine Allen and Joachim Nunez he in accordance with an earlier survey of another surveyor.
It. is true that plaintiff also prays that the surveyor to be appointed should make a survey of the tracts in controversy, ascertain their limits, and make a proces verbal of his work, and it is true also that such a survey, if made, would establish the boundary between the lands of plaintiff and the lands of two of the defendants, Paul Naquin and Gilbert Morris Deroche. But the entire burden of plaintiff’s complaint is that the surveyor must start with the western boundary of his land and must first fix that boundary in accordance with the earlier survey and in accordance with the fence remnants and with the other .ancient landmarks. According to the surveyor, this would affect the landowners on that side who are not parties to this suit, those landowners being Gustine Allen and Joachim Nunez, all of which is alleged in plaintiff's petition.
A clearer understanding of the situation may be obtained if we visualize four comparatively narrow tracts of land running in a north and south direction, all fronting on Bayou Terre Aux Boeufs and all extending between practically parallel lines. The easternmost of these tracts is the property of Mrs. Robinson and this tract does not at any point adjoin the land of plaintiff. Mrs. Robinson is made a party defendant.
On the western border of Mrs. Robinson’s property are the lands of Paul Naquin and Gilbert Morris Deroche. On the western border of the lands of Naquin and De-roche is the land of plaintiff, and on the western border of plaintiff’s land is the land of Gustine Allen. (It may be that a part of this last tract belongs to Joachim Nunez. We cannot determine this either from plaintiff’s petition or from the surveyor’s sketch, but it is certain that the western boundary of plaintiff’s land is not a boundary of any part of the land of any of the three defendants.) In addition’ to these four tracts which are referred to in the petition, plaintiff alleges that still farther to the west'there.are other lands which belong to Mrs. Robinson and which she has sold to “various people,” but that she “cannot deliver title thereto because of an insufficient amount of land.”
Plaintiff’s petition obviously has as it-s object the fixing of all of these various boundaries.
There’can be no doubt that plaintiff would have had the right to insist upon a legal determination of the boundary between his lands and those of any one of the adjacent landowners, but it is clear, as we have said, from a reading of his petition that he has not limited his action to one for the fixing of that boundary or of any one but is attempting to fix all of his boundaries. In fact, he is attempting to have established not only all of the boundaries of his own land but also the boundaries of several of the nearby landowners. Although his purpose, as announced by his counsel in oral argument before us, is to fix only the eastern boundary of his land, which is the western boundary of Naquin and Deroche, he has asked that in establishing this eastern boundary, “the western boundary be fixed in accordance with” the former survey heretofore mentioned.
At no point do the lands of plaintiff touch those of Mrs. Robinson, and yet in this action to fix his boundaries he has sought to make her a party defendant. As a matter of fact, his petition avers that he is entitled to have his western boundary fixed at a point beyond his title limits, averring that that boundary has been established by prescription, and his purpose seems to be to first establish that boundary as the result of prescription and then to have the eastern boundary established by having the surveyor start at the title boundary on his western side.
We have made a diligent effort to find a solution to plaintiff’s problem. The record shows that the cost of making the survey amounts to more than $1500.00, and we feel certain that it is not improper that we express regret that we have not found it possible to arrive at a solution which *568 would permit the plaintiff to continue-'with this action in boundary against those landowners who are on his eastern boundary. We gave serious consideration to the possibility that all of the other allegations of his petition might be considered as surplusage and might thus be eliminated and the controversy limited to an action in boundary between the plaintiff and the proper defendants, but we repeat that his entire petition is based on the contention that, in fixing the eastern boundary, the western boundary must first be established.
Counsel for plaintiff apparently misconstrues the contention of defendants when, through their counsel, they call attention to the fact that, though plaintiff asks for the fixing of the western boundary, he does not make his neighbors on that side parties. Counsel for plaintiff cites several cases in which it was held-that, in a boundary action, the only necessary parties are those whose land is along the boundary which is to be fixed. In those cases it was held that, although the fixing of one boundary of a tract might ultimately result ill a con--troversy with a neighbor on the .other side,, this does not require that that neighbor on the other side be, made a party in the action to fix the first boundary. For instance,, in Barrataria Land Co. v. Louisiana Meadows Co., 146 La. 999, 84 So. 334, 337, the Supreme Court said: “As the -purpose of the suit was merely to establish the boundaries between the land of the litigants, it was unnecessary, though it might have been desirable, to bring in parties whose -rights are not sought to be affected, and cannot be affected, ■ unless they are brought. in.. The exceptions of nonjoinder was therefore properly overruled.”
In Bergeron v. Babin, 167 La. 833, 120 So. 384, 385, the Court said: “Since the judgment dan affect only the parties to the suit, we do not deem it necessary to force into this litigation third persons, who have not voluntarily intervened to assert their rights. The only necessary parties to the present suit are the plaintiffs and the defendants, who are in - court and demand that the boundary line between their respective properties be established. * * ⅜ ”
, Counsel for plaintiff, however; did not contend that Gustine Allen and Joachim Nunez would have been necessary parties if the suit-had been limited to- an action to fix the eastern boundary of plaintiff’s land.- Fie, in fact, contended that had this action been so limited these ■ persons not only would- riot have been necessary but in fact could not have been joined as defendants. And following- that same idea counsel1 for defendants argue that, since the action, by its very wording, is primarily one to fix plaintiff’s western boundary, the neighbors to the east are not only not necessary parties but, in fact, may not be joined, and that, consequently, their exceptions of no cause of action and no'right of action were properly sustained.
And counsel’ argues further that* since Mrs. Robinson’s lands do not adjoin-plaintiff’s at anjr point, he has no right to-make her á' defendant in an action in boundary, whatever boundary it may be-that he desires to establish. The mere-fact that Mrs. Robinson was his vendor doe’s not give him a right to make her a defendant in a boundary suit. Duplessis v. Lastrapes, 11 Rob. 451.
The judgment dismissing the .suit is correct. Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.