HERGET, Judge
(dissenting).
Plaintiff, in paragraph 2 of his petition, alleged:
“That your petitioner is the sole owner of the following described property, to-wit:
“A certain tract or parcel of land in the Parish of Livingston, State of Louisiana, designated and described as fractional Sec. 35 T 6 SR 2 E, in said Parish and State, containing 3.32 acres.”
And in paragraph 4 made the allegation:
“That petitioner’s said property is bounded on the North by land owned by said Elgene Hood, but that the boundary line between said contiguous estates of petitioner and said defendant has never been legally established, and petitioner desires to have the same definitely fixed in the manner prescribed by law.”
Defendant answered the petition entering pleas of prescription of ten, twenty and thirty years.
From a judgment sustaining Defendant’s pleas of prescription of ten and thirty years and dismissing Plaintiff’s suit and further recognizing Defendant to be the owner “ * * * of the property described in defendant’s amended answer, which property is bounded on the east by the road known as the Old River Road, formerly the Baton Rouge-Hammond Highway, on the west by Amite River and on the north and southern side by two fences which run from the road to the river, and that plaintiff’s claim thereto be dismissed and rejected.”, Plaintiff brings this appeal.
In accordance with Plaintiff’s petition the Court appointed Mr. Clifford G. Webb “ * * * to inspect the premises described in the foregoing petition, to survey the same and report thereon in writing to this court according to law.” In accordance with this order Mr. Webb made a survey of certain property which he maintained was that shown by the title of Plaintiff and on the trial of the case this survey was offered in evidence. It is to. be noted that the northern line of the property alleged to belong to Plaintiff shown on the survey made is contiguous to land not owned by the Defendant but by others not parties to this suit. If it be Plaintiff’s contention that such line is his northern boundary line, then such contiguous owners must be sued, and not Defendant, to establish such line. Hutchinson v. Robinson, La.App., 52 So.2d 565; Bergeron v. Babin, 167 La. 833, 120 So. 384; Barrataria Land Co. v. Louisiana Meadows Co., 146 La. 999, 84 So. 334.
On the trial of the case the Trial Court permitted the introduction of evidence of the title of both Plaintiff and Defendant to alleged disputed ownership of certain property and relegated the suit to a petitory action.
As noted by Plaintiff’s petition this is purely and simply an action of boundary.
LSA-Civil Code Articles 824 and 825 read as follows:
“Art. 824. The action of boundary' is derived from the same source as the action of partition. No one being bound to hold an estate in common, no one is bound to leave undecided the boundary lines, which separate his estate from that of his neighbor.
“Art. 825. The action of boundary, like that of partition, can not be prescribed against; as every one is at liberty, at all times, to separate his part from an estate in common, so it is permitted to each proprietor to have ascertained the limits of contiguous estates, to have them fixed, as each has enjoyed his estate separately without having acquired any part of his neighbor’s estate by prescription.”
*94 An action of boundary is imprescriptible and is provided for the purpose of the fixation of boundaries between contiguous estates. To fix the boundary it is essential that both, or all, contiguous owners be made parties to the suit. Though Defendant offered evidence of ownership in himself not only of property claimed by Plaintiff but including adjacent property not claimed by Plaintiff, Plaintiff objected to the introduction of all such evidence and did not acquiesce in the conversion of the action of boundary to a petitory action.
Counsel for Defendant objected to the survey made by the Court appointed surveyor as not having been wholly made by him and I am of the opinion that such objection should have been sustained.
In an action of boundary LSA-Civil Code, Art. 852, is applicable:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
Under the provisions of this article, therefore, where for a period of thirty years a contiguous owner, his authors in title, have, uninterruptedly, possessed property in controversy openly, publicly and peacefully, as owner to a visible boundary, a fence line, such fence line may be judicially declared to be the boundary separating the contiguous estates. Foscue v. Mitchell, 190 La. 758, 182 So. 740; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832.
Therefore the sole issue presented by this suit is the establishment of the alleged northern boundary line of Plaintiff separating the estates of Plaintiff and Defendant. To accomplish this purpose it is essential that Plaintiff prove ownership or title to land contiguous to Defendant and that no boundary line has been set on its northern boundary. The eastern, western or southern boundary lines of property allegedly belonging to Plaintiff are not at issue, nor is the eastern, western, northern boundary lines of Defendant’s property at issue, but the sole question is establishing the northern boundary line of Plaintiff, if any, separating the contiguous estates owned by Plaintiff and Defendant. If, in fact, the evidence reveals that Defendant’s southern boundary line incorporates all of the property allegedly owned by Plaintiff, then of course there is no boundary line separating the two estates; if Plaintiff, on the other hand, owns some property contiguous to the land of Defendant, the northern boundary line of which has not been set, he is entitled to judgment fixing this line. From the record I am unable to conclude that Plaintiff has proved title to property, the northern boundary of which is contiguous to lands of Defendant, or that Defendant has proved prescriptive ownership to land, the southern boundary of which is contiguous to Plaintiff.
For these reasons I am of the opinion the judgment of the Trial Court should be reversed and the matter remanded to that Court for further proceedings in accordance with this opinion. Costs to be paid by Plaintiff-Appellant.
For these reasons, I respectfully dissent.